*Law Office of*

# Albert F. Cullen, Jr.

30 Massachusetts Avenue
North Andover, MA 01845

Albert F. Cullen, Jr.

Tel: 978-794-5658
Fax: 978-794-3544

*[Stamp: FILED IN CLERKS OFFICE 2004 JUN -9 P 12: 47 U.S. DISTRICT COURT DISTRICT OF MASS]*

June 7, 2004

<u>**BY E-MAIL AND MAIL**</u>

Diana H. Beinart
United States Department of Justice
Tax Division
Northern Criminal Enforcement Section
P.O. Box 972
Ben Franklin Station
Washington, DC 20044

Re: United States v. Visone
    Docket No. 04-10123-DPW

Dear Ms. Beinart:

Thank you for the discovery you have provided thus far. On behalf of my client, I write pursuant to Local Rule 116.3 to request that you provide the following discovery.

As used throughout this motion, the term "government" includes all branches of the Justice Department, including the Bureau of Prisons, as well as all state, local and federal police, investigative and prosecutorial agencies involved in any way in the investigation and prosecution of the crimes charged in the indictment. See *Kyles v Whitley*, 514 U.S. 419, 437 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); *United States v. Osorio*, 929 F.2d 753, 762 (1st Cir. 1991) ("[T]he prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government"); *United States v. Owens*, 993 F. Supp. 76, 86 (D. Mass. 1996) (disclosure obligation "governs all the offices of the United States Attorney and the Justice Department itself,…the Bureau of Prisons…(and all other governmental agencies including state officers acting as agents of the federal government"); *United States v. Brooks*, 996 F2d 1500,1503 (D.C.Cir. 1992) (federal prosecutor had authority to search for exculpatory evidence in Washing, D.C. Metropolitan Police Department's homicide and internal affairs file).

Discovery Requests

    A. Supplement to Automatic Discovery Provisions

### 1. Exculpatory Evidence.

In addition to the exculpatory material the government is obligated to produce pursuant to Local Rule 116.2, defendant requests that the government disclose all exculpatory evidence as that term is discussed and defined in *Kyles, supra, Brady v. Maryland*, 373, U.S. 83, 87, (1963), *Giglio v. United States*, 405 U.S. 150 (1972); *Osorio, supra, United States v. Bagley*, 473 U.S. 667, 674-675 (1985), U.S. 419, 437 (1995) and *Owens, supra*.

The exculpatory evidence defendant requests with respect to each government witness in this case includes, but is not limited to, the following:

(a) **Criminal Records.**

All information about each witness' arrest and conviction records, criminal activity and misconduct, including, but not limited to:

(1) All information known to the government of conduct which constitutes a crime under federal or state law for which the witness could be prosecuted. See *Osorio*, 929 F.2d at 756-58; *Owens*, 993 F. Supp., at 88;

(2) A full statement of all criminal investigations against any prospective witness and of all civil or administrative actions or investigations against the witness, regardless of whether or not these cases are the subject of promises, rewards or inducements, see *United States v. Bonanno*, 430 F.2d 1060, 1062 (2d Cir.) (requiring disclosure of indictment of witness so that defendant could investigate all promises), *cert. Denied*, 400 U.S. 964 (1970);

(3) A full statement of whether any witness was, at any time during the investigation or prosecution of this case, on probation, parole, supervised release or some other form of government supervision, or had any criminal charges outstanding, see *Davis*, 415 U.S. at 317; and

(4) The prison records of any witness who has been incarcerated in federal or state prison.

**Authority.** *Kyles*, 115 S.Ct. at 1572; *Davis*, 415 U.S. at 316-17; *Osorio*, 929 F.2d at 758 (government should have disclosed information that key witness had engaged in extensive drug trafficking for which he had not been charged); *Alford v. United States*, 282 U.S. 687, 693 (1931) (prior criminal conduct is relevant where the witness may have been promised or believed that his cooperation would

2

lead to immunity); *Devose v. Norris*, 867 F. S Supp. 836, 849 (E.D. Ark. 1994) (conviction reversed where government failed to disclose prior disciplinary action against witness for theft and making false statements to supervisor and prosecuting attorney while employed as a police officer).

### (b) Payments to witnesses.

All past, anticipated, and foreseeable payments by the government or any law-enforcement agency of money or other things of value to a witness (other than routine witness fees) for information or other assistance provided to the government or other such agency, and all written records of same. Specifically with respect to all cooperating witnesses, defendant requests all ledgers, receipts, vouchers, and other documents which describe the sums paid in any form to or for the benefit of the cooperating witness or his family in this and any other case in which the cooperating witness assisted any federal, state or local governmental agency.

**Authority.** *United States v. Cervantes-Pacheco*, 826 F.2d 310, 315-16 (5th Cir. 1987) ("{t}he government must also make a complete and timely disclosure to the accused of the fee arrangement it has made with the informant"), *cert. denied*, 484 U.S. 1026 (1988). *United States v. Williams*, 954 F.2d 668, 671-72 (11th Cir. 1992) ("jury has a right to know what may be motivating a witness" even if "the amount [of money] paid an informant is felt by the government to be too prejudicial").

### (c) Credibility.

All information bearing upon the credibility of all witnesses, including, without limitation:

(1) all inconsistent statements by a witness, see *Kyles*, 115 S.Ct. at 1569-71; *Owens*, 933 F. Supp. at 87; *United States v. Pellulo*, 14 F.3d 881, 886 (3rd Cir. 1994) ("an IRS memorandum detailing an interview with [a witness] which set forth facts inconsistent with the testimony of [the witness] … qualifies as *Brady* evidence);

(2) all false statements made by a witness (or omissions of material facts) during the course of interviews by law enforcement officials, see *Kyles*, 115 S.Ct. at 1571-73;

(3) all bias, prejudice, hostility, personal interest, financial interest or special relationship that could cause the witness to testify in favor of the government or against the defendant, see *Kyles*, 115 S.Ct. at 1571-72 *Owens*, 993 F. Supp. at 87, *Snell*, 899 F. Supp. at 23;

3

> United States, v. Cooper, 662 F. Supp. 913, 99 (D.R.I. 1987);

(4) all evidence of poor memory, in general or with respect to the events in question, including any statements by a witness concerning same,

(5) all physical, mental, visual, or psychiatric treatments and/or impairments and treatment (including legal or illegal use of drugs and excessive use of alcohol) which could affect the witness' accuracy, and full details concerning same, see Pennsylvania v. Ritchie, 480 U.S. at 60-61 (evidence of a witness emotional impairment is discoverable); United States v. Barrett, 766 F.2d 609, 615-16 (1st Cir.)(evidence of psychiatric treatment), cert, denied, 474 U.S. 923 (1985); United States v. Butt, 955 F.2d, 82 (1st Cir. 1992) (mental instability) United States v. Collins, 472 F.2d 1017, 1018-19 (5th Cir. 1972) (drug or alcohol addiction or abuse), cert. denied, 411 U.S. 983 (1973); United States v. Fowler, 465 F.2d 664, 665-66 (D.C. Cir. 1972) (same),

(6) all results of all scientific or quasi-scientific tests, such as polygraphs, which fail to conclude that a witness has been completely truthful with respect to any statement, see Jacobs v. Singletary, 952 F2d 1282 (11th Cir. 1992) (government's failure to disclose witness's polygraph testimony which significantly clashed with his testimony at trial was Brady violation);

(7) all evidence that a witness has a poor reputation for telling the truth or has engaged in any conduct probative of untruthfulness, see Kyles, 115 S.Ct. at 1572;

(8) all information tending to show a motive for any witness to curry favor with the government; and

(9) all information tending to show that a witness has a relationship with any other witness, informant or government agent.

(d) **Inconsistent statements.**

All inconsistent statements between different witnesses concerning any facts material to the investigation, defense or prosecution. See Kyles, 115 S. Ct. at 1569-71; Owens, 933 F. Supp. at 87.

(e) **Law enforcement personnel**

4

All information about whether any law-enforcement agent participating in the investigation or trial of this case has been the subject of an investigation for disciplinary action or criminal prosecution, or the subject of disciplinary action or criminal prosecution, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant.

**Authority.** *United States v. Garrett*, 542 F.2d 23 (6th Cir. 1976) (error to foreclose discovery of undercover agent's disciplinary records relating to his use of narcotics and failure to submit to urinalysis); *Brooks*, 966 F.2d at 1503 (governments duty to produce exculpatory material extended to local police department's homicide and Internal Affairs Division files); *United States v. Henthorn*, 931 F.2d at 31 (government's failure to examine personnel files upon a defendant's request for production of exculpatory material was reversible error).

### B. Additional Discovery Requests

1. Rule 16(a)(1)(E)

Defendant requests inspection, copies, duplicate photographs and production of all books, papers, documents, data, photographs, tangible objects, buildings, or places within the government's possession, custody or control that are material to preparing a defense, intended for use in the government's case-in-chief or obtained from or belonging to the defendant.

Defendant further requests to inspect and copy all documents (as defined above) provided by Victoria Guenther and/or her attorneys.

Defendant requests to inspect and copy all documents (as defined above) provided by Vitale and Capuano, CPA's and/or O'Connor and Drew P.C. and/or David Dilulis, CPA.

Defendant requests to inspect and copy all documents (as defined above) provided by Jefferey Schreiber. Esq.

Defendant requests to inspect and copy all documents (as defined above) relating to the transfer of assets as alleged in Paragraph 5 of the Indictment.

Defendant requests to inspect and copy all documents (as defined above) relating to the misrepresentation of his income as alleged in Paragraph 5 of the Indictment.

(2) Rule 16 (a)(1)(G)

The Defendant requests that the Government furnish to the Defendant a written summary of any testimony that the Government intend to use under the Rules 702, 703, or 705 of the Federal

5

Rules of Evidence in its case-in-chief at trial including but not limited to the witnesses opinions, the bases and reasons for those opinions, and the witnesses qualifications.

### (3) Rule 16 (a)(1)(B)

The Defendant requests the transcripts of the Defendants deposition and any trial testimony related to Guenther v. Visone including any and all notes of his testimony and/or statements provided by the attorneys for Victoria Guenther.

The Government has furnished Special Agent Sandra Lemanski Memorandum of Interviews but has not provided her notes used to prepare the Memoranda. The Defendant would request such notes.

### (4) Preservation and Production of Notes

Defendant requests that the government preserve all contemporaneous notes, memoranda, statements, reports, surveillance logs tape recordings, and other documents memorializing matters relevant to the charges contained in the indictment made by or in the custody of any all enforcement officer whose agency at the time was formally participating in an investigation intended, in whole or in part, to result in a federal indictment, including all raw notes whether or not the substance of such notes in incorporated in a written report, and all rough drafts of reports. Defendant requests production of all notes described in Local Rule 116.9 and herein to the extent such notes constitute Jencks Act or *Brady* material.

### (5) Early release of Jencks Act material

Defendant requests that the government produce Jencks Act material no later then 45 days before trial. This request pertains only to Jencks Act material that is not exculpatory.

Sincerely,

Albert F. Cullen, Jr.

AFC/nba
Cc: Del Wright, Jr.
    Anthony Visone