UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ANTHONY VISONE, )<br>Defendant )<br>)<br>_____ ) | Criminal No. 04-10123<br><br>**Violations**<br><br>26 U.S.C. §7206 (1): Two Counts |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

**I.   INTRODUCTION**

1. At all times relevant to this Indictment, defendant Anthony VISONE was a resident of Massachusetts.

2. At all times relevant to this Indictment, defendant VISONE was the principal shareholder of First City Management, Inc., a holding company for a number of subsidiaries and affiliates (collectively, "FCM") whose holdings included Corvette dealerships in several states, leasing companies and finance companies. FCM's principal place of business was in Saugus, Massachusetts.

3. At all times relevant to this Indictment, defendant VISONE claimed an ownership interest in Broadway Realty Trust, a company used by defendant VISONE to invest in and manage real estate.

1

## II.     COUNT ONE: Title 26 U.S.C. § 7206(1)

4. Paragraphs 1 through 3 of the Indictment are hereby realleged and incorporated as if fully set forth herein.

5. Throughout 1996, defendant VISONE caused FCM to issue over 40 checks made payable to him in amounts of either $3,000 or $4,000. During 1996, the total amount of these checks was at least $148,000.

6. Defendant VISONE generally deposited these checks into his personal bank account along with his salary from FCM, and used a portion of the funds to pay personal expenses. In addition, during 1996, defendant VISONE caused FCM to pay other personal expenses on his behalf, such as mortgage payments, car payments and payments for his housekeeper.

7. Defendant VISONE did not include as income the amounts of the checks made payable to him and drawn from the FCM subsidiaries on his 1996 U.S. Individual Income Tax Return. In addition, defendant VISONE failed to include the value of the personal expenses paid directly by FCM on his 1996 U.S. Individual Income Tax Return.

8. On or about February 27, 1996, defendant VISONE and an associate known to the Grand Jury purchased the mortgages on 26 condominiums (hereinafter, the "Condos") located in South Boston using a cashier's check for $517,000. The check for $517,000 used funds drawn from defendant VISONE's personal bank account.

9. On or about February 27, 1996, there were insufficient funds in defendant VISONE's personal bank account to cover the $517,000 cashier's check, causing his account to be overdrawn. On or about February 28, 1996, defendant VISONE caused FCM to transfer $517,000 in funds to his personal bank account which covered the overdraft.

10. At or around the time of the sale of the mortgages, defendant VISONE and his associate caused an entity called Scottsdale Investments, Inc. (hereinafter "Scottsdale") to be formed, and caused the mortgages to be conveyed to Scottsdale. Defendant VISONE and his associate arranged to have a third party serve as Scottsdale's nominal president and treasurer. That third party had no ownership interest in Scottsdale.

11. Some time after the original mortgage purchase in 1996, defendant VISONE caused FCM to document the $517,000 that was transferred to defendant VISONE's personal bank account as a loan to Scottsdale by FCM.

12. In or about June 1997, defendant VISONE instructed FCM's accountants that the "loan" to Scottsdale should be written off as an uncollectible debt.

13. Despite having received $517,000 from FCM for his personal use, defendant VISONE failed to report any of it as income on his 1996 U.S. Individual Income Tax Return.

14. On or about October 16, 1997, in the District of Massachusetts, the defendant,

ANTHONY VISONE,

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040 PC, listing a Lynnfield, Massachusetts address, for tax year 1996, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return ANTHONY VISONE did not believe to be true and correct as to every material matter in that said return reported total income of $56,319, when in fact, as ANTHONY VISONE then and there well knew and believed, he received total income during 1996 substantially in excess of that amount.

All in violation of Title 26, United States Code, Section 7206(1).

### III. COUNT TWO: Title 26 U.S.C. § 7206(1)

15. Paragraphs 1 through 14 of the Indictment are hereby realleged and incorporated as if fully set forth herein.

16. Throughout 1997, defendant VISONE caused FCM to issue over 30 checks made payable to him in various amounts. During 1997, the total amount of these checks was at least $130,500. Defendant VISONE generally deposited these checks into his personal bank and used a portion of the funds to pay personal expenses.

17. Defendant VISONE did not include as income the amounts of the checks made payable to him and drawn from FCM on his 1997 U.S. Individual Income Tax Return.

18. In or about December 1996, defendant VISONE caused FCM to sell a lease portfolio for $2.3 million to a Michigan entity called MA Real Estate and Investments. The purchase involved a down payment at closing and three debt instruments (the "Notes") totaling approximately $2 million to be paid over time. Defendant VISONE caused FCM to record the Notes as a loan receivable.

19. Some time after the sale of the lease portfolio, defendant VISONE and the purchaser renegotiated the purchase price. The new terms of the sale required defendant VISONE to return the Notes to the purchaser, and required the purchaser to make an initial payment of approximately $743,569 and a second payment of $225,000 at a later date. After the renegotiation, in or about February 1997, defendant VISONE instructed the purchaser to direct the initial $743,569 payment for the lease portfolio to an account at the Bank of Boston. On or about February 14, 1997, the purchaser sent a $743,569 certified bank check, as directed by defendant VISONE, to a Broadway Realty Trust account at the Bank of Boston. The proceeds of

4

that check were used to pay off a mortgage for the benefit of Broadway Realty Trust.

20. When FCM's accountants questioned defendant VISONE about the payment that was due to FCM from the sale of the lease portfolio, defendant VISONE instructed them that no payment was forthcoming and that the loan receivable should be written off as an uncollectible debt. Defendant VISONE did not inform FCM's accountants that he had diverted the proceeds of the sale of the lease portfolio to his personal use.

21. Despite having diverted the $743,569 owing to FCM for his personal use, defendant VISONE failed to report any of it as income on his 1997 U.S. Individual Income Tax Return.

22. On or about September 1, 1998, in the District of Massachusetts, the defendant,

ANTHONY VISONE,

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040PC, listing a Saugus, Massachusetts address, for tax year 1997, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return ANTHONY VISONE did not believe to be true and correct as to every material matter in that said return reported total income of $4,887, when in fact, as ANTHONY VISONE then and there well knew and believed, he received total income during 1997 substantially in excess of that amount.

All in violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE

DISTRICT OF MASSACHUSETTS   August 25, 2004.

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

6

JS 45 (5/97) - (Revised USAO MA 1/15/04)

## Criminal Case Cover Sheet                                                     U.S. District Court - District of Massachusetts

Place of Offense: __Massachusetts__   Category No. _____   Investigating Agency __IRS__

City __Boston__                       Related Case Information:

County __Suffolk__                    Superseding Ind./ Inf. __Superseding__  Case No. __04-10123__
                                      Same Defendant __yes__    New Defendant _____
                                      Magistrate Judge Case Number _____
                                      Search Warrant Case Number _____
                                      R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __Anthony Visone__                             Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address __2639 South Ocean Beach Blvd., #7, Highland Beach, FL 33487__

Birth date (Year only): __1961__  SSN (last 4 #): __3148__  Sex __m__  Race: __w__    Nationality: __US__

Defense Counsel if known: __Albert Cullen__    Address: __30 Massachusetts Ave__
                                                         __North Andover, MA 01845-3458__

Bar Number: _____

**U.S. Attorney Information:**

AUSA __DOJ Trial Atty Del Wright Jr.__           Bar Number if applicable _____

Interpreter:  ☐ Yes  ☒ No     List language and/or dialect: _____

Matter to be SEALED:  ☐ Yes  ☒ No

☐ Warrant Requested     ☒ Regular Process     ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☒ On Pretrial Release: Ordered by __Judge Collings__  on __April 14, 2004__

Charging Document:  ☐ Complaint   ☐ Information   ☒ Indictment

Total # of Counts:   ☐ Petty _____   ☐ Misdemeanor _____   ☒ Felony __Two__

Continue on Page 2 for Entry of U.S.C. Citations

☐ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: __8/25/04__              Signature of AUSA: _(signature)_