UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ANTHONY VISONE )<br>    Defendant )<br>)<br>_____ ) | Criminal No. 04-10123 (DPW) |

**RESPONSE OF THE UNITED STATES
TO DEFENDANT'S MOTION TO DISMISS**

The United States, by and through its undersigned counsel, hereby requests that the Court deny Defendant's Motion to Dismiss the Superseding Indictment.

Briefly, the Defendant raises four separate issues in his attempt to dismiss all or part of the Superseding Indictment. Those issues are as follows:

1) Counts One and Two of the Superseding Indictment are multiplicitous and duplicitous;

2) the Superseding Indictment violates the "30-Day Rule" of the "Speedy Trial Act";

3) the statute of limitations has expired with respect to Count One, and

4) "prejudicial irrelevant information" was improperly put before the Grand Jury which indicted the Defendant.

Each of those arguments will be discussed and rebutted in the order in which the Defendant presented them.

**1.    Counts One and Two of the Superseding Indictment are multiplicitous and duplicitous**

The Defendant argues that Counts One and Two of the Superseding Indictment are

duplicitous and multiplicitous in that the charging language in Count One is also alleged in Count Two.  Count One charges the Defendant with violating 26 U.S.C. § 7206(1) for tax year 1996; Count Two charges the Defendant with violating 26 U.S.C. § 7206(1) for tax year 1997.

The charging language of Count One (contained in Paragraph 14) was mistakenly included in Count Two.  Specifically, Paragraph 15 (the first paragraph of Count Two) of the Superseding Indictment reads "Paragraphs 1 though 14 of the Indictment are hereby realleged and incorporated as if fully set forth herein".  Paragraph 15 should read "Paragraphs 1 though 13 of the Indictment are hereby realleged and incorporated as if fully set forth herein".  The Government concedes that it erred when it realleged and incorporated "Paragraph 14" in Count Two, and respectfully requests this Court to strike this language from Count Two as surplusage.  See United States v. Ayala, 289 F.3d 16, 22 (1st Cir. 2002) (citation omitted) ("[A] part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a useless averment that may be ignored."); see also Bargas v. Burns, 179 F.3d 1207, 1216 n.6 (9th Cir. 1999) (citation omitted) ("We have repeatedly held that language that describes elements beyond what is required under statute is surplusage and need not be proved at trial."); United States v. McIntosh, 23 F.3d 1454, 1457 (8th Cir. 1994) (citations omitted) ("Allegations in the indictment that are not necessary to establish a violation of a statute are surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime.").

Rule 7(d) of the Federal Rules of Criminal Procedure provides that the district court may strike surplusage from an indictment on the defendant's motion.  While courts generally are not permitted to amend substantive aspects of an indictment, a court may amend an indictment merely in order to correct a defect of form, including a typographical or other clerical error.

United States v. Skelley, 501 F.2d 447, 453 (7th Cir. 1974). See United States v. Field, 875 F.2d 130, 133 (7th Cir. 1989) ("Judicial amendments of an indictment, however, are permitted as to matters of form or surplusage."). "In general, amendments to an indictment will be allowed to stand if they do not change an 'essential' or 'material' element of the indictment so as to cause prejudice to the defendant." Id. (quoting United States v. Cina, 699 F.2d 853, 857 (7th Cir. 1983). See also United States v. Coast of Maine Lobster Co., 557 F.2d 905, 909-10 (1st Cir.), cert. denied, 434 U.S. 862 (1977) ("a portion of an indictment that the evidence does not support may be withdrawn from the jury, and this is not an impermissible amendment, provided nothing is thereby added to the indictment, and that the remaining allegations charge an offense."). Such amendments to surplusage are not fatal to a indictment. United States v. Root, 366 F.2d 377, 381 (9th Cir. 1966) (citation omitted).

In this case, the Government made a typographical error in referencing Paragraph 14 in Paragraph 15. The Government submits that the remedy is to correct the language, not to dismiss the indictment. The correction will not amount to a change of an essential or material element of the offense in Count Two. Count Two related to tax year 1997, any charging language regarding 1996 is surplusage and should be corrected. The correction can be made simply by substituting "Paragraphs 1 through 13" for "Paragraphs 1 through 14" in Paragraph 15. This change would not fail to give the Defendant notice the offense for which he is charged. See United States v. Rivera-Ruiz, 244 F.3d 263, 271 (1st Cir. 2001) (substituting "UCC No. 1" for "UCC No. 2" in every paragraph was permissible and did not deprive the defendant of notice of the charge against him). For these reasons, the Defendant's motion that Counts One and Two of the Superseding Indictment should be dismissed should fail.

2.   **The Superseding Indictment violates the "30-Day Rule" of the "Speedy Trial Act"**

The Speedy Trial Act's 30-day rule governs the period between the arrest of a defendant and the filing of a federal indictment. The purpose of the 30-Day Rule is to ensure that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge [by way of indictment] against which he must prepare to defend himself." United States v. Berry, 90 F.3d 148, 151 (6th Cir.) cert. denied, 519 U.S. 999 (1996).

As stated above, the Government concedes that it made a typographical error in referencing "Paragraphs 1 through 14" in Paragraph 15 of the Superseding Indictment. If the Court allows the correction suggested above (changing "Paragraphs 1 through 14" to "Paragraphs 1 through 13"), any conceivable issues related to the "30-Day Rule" should be resolved. In all other respects, the Government contends that it has complied with the "30-Day Rule".

Defendant argues that the Superseding Indictment merely gilds the initial charge, thereby warranting a dismissal. A gilded charge is one that merely annotates in more detail the same charge alleged in the initial accusatory instrument by, for example, merely adding new supporting facts to the charge in the complaint. See, e.g., United States v. Gomez-Olmeda, 296 F. Supp. 2d 71 (D. P.R. 2003). The subsequent, gilded charge is subject to the same Speedy Trial Act, 18 U.S.C.S. § 3161 et seq., limitations imposed on the earlier indictment. Id. In this matter, the Government added an additional tax charge for a different tax year (i.e., Count Two), and modified some language included in the facts supporting Count One in the Superseding Indictment. As such, Count Two in no way gilds Count One, and the Defendant's argument must fail.

The Defendant also argues that Count One of the Superseding Indictment is "apparently not based on identical facts" as Count One of the original Indictment, and therefore Count One of

the Superseding Indictment should "be subject to the 30-day limit." Count One of both the original and the Superseding Indictment charge the Defendant with filing a false 1996 tax return. The Defendant correctly notes that identical charges are "not subject to the 30-day limit" and cites United States v. Mitchell, 723 F.2d 1044-45 (1st Cir. 1983) as support for that proposition. However, the Defendant urges this Court to add a new "identical facts" requirement to the above proposition, yet cites no caselaw supporting his position. Assuming, arguendo, that such a requirement exists, the Government contends that the facts supporting Count One of the original Indictment are the same facts which support Count One of the Superseding Indictment, to wit: the Defendant failed to include various sources of income on his 1996 tax return. As such, the Defendant's contention is without merit.

3.     **Count One should be dismissed because it was not filed within the statute of limitations.**

The Defendant argues that Count One of the Indictment should be dismissed because the statute of limitations has expired. The Defendant had agreed to extend the statute of limitations for Count One to April 15, 2004. The original indictment was filed on April 14, 2004. The Superseding Indictment was filed on August 25, 2004.

A superseding indictment that supplants a timely indictment relates back to the original pleading and inherits its timeliness as long as the later indictment does not materially broaden or substantially amend the original charges. United States v. O'Bryant, 998 F.2d 21, 24 (1st Cir. 1993); United States v. Salmonese, 352 F.3d 608, 622 (2nd Cir. 2003), citing United States v. Gengo, 808 F.2d 1, 3 (2nd Cir. 1986). The reason behind the relation-back principle is that if the allegations and charges between the two indictments are substantially the same, the defendant has been put on notice of the charges against him and can begin preparing a defense. United States v.

Ratcliff, 245 F.3d 1246, 1253 (11th Cir. 2001). "When charges are brought within the limitations period and continue to pend, restatement of those charges at a subsequent date, without expanding or meaningfully altering them, does not put a defendant at an unfair disadvantage." O'Bryant, 998 F.2d at 24.

In determining whether a superseding indictment materially broadens or amends the original charges, courts "consider whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence." Salmonese, 352 F.3d at 622. "No single factor is determinative; rather, the 'touchstone' of our analysis is notice, i.e., whether the original indictment fairly alerted the defendant to the subsequent charges against him and the time period at issue." Id. See also United States v. Pearson, 2003 WL 21940117 (7th Cir. 2003) (holding that superseding indictment which removed the identity of an unindicted coconspirator named in original indictment did not impermissibly broaden or amend the original charges nor did second superseding indictment which modified the end date of charged conspiracy and added three overt acts.) Contra Ratcliff, 245 F.3d at 1253-54 (holding that where superseding indictment broadened and substantially amended original charges, such that the original indictment did not toll the statute of limitations when the superseding indictment expanded the length of the alleged conspiracy by twelve years, alleged at least eight separate smuggling adventures with fifteen or more co-conspirators, and involving 6,800 pounds of marijuana as compared with the original indictment which alleged one episode with five co-conspirators, involving only 1,500 pounds of marijuana).

Count One of both the original and Superseding Indictment charge the Defendant with filing a false return alleging that: (1) the Defendant caused his company to issue checks to him

personally and to pay his personal expenses, and (2) the Defendant caused his company to transfer $517,000 to his personal account. The Government intends to prove at trial that the Defendant improperly failed to include those sources of income on his individual income tax return. Both the original and Superseding Indictment allege these same facts, which form the basis of Count One in both indictments. In fact, the only difference between the original and the Superseding Indictment is background information about two events: a paternity suit and other loans the Defendant had taken from his company. The charging language and the facts that support the charges are nearly identical.

Moreover, the Superseding Indictment reduces, rather than expands, the evidence of the offense. "[T]he law is clear that there is no obstacle to relation back when a superseding indictment pleading narrows, rather than broadens, the original charges." Salmonese, 352 F.3d at 622. See also O'Bryant, 998 F.2d at 24 ("[i]t is common ground--and common sense--that a limiting amendment to a charge, without some other, more deleterious modification, will not necessitate a new statute-of-limitations computation.").

The original Indictment informed the Defendant "in no uncertain terms that he would have to account for essentially the same conduct with which he was ultimately charged in the Superseding Indictment." O'Bryant, 998 F.2d at 24. Certainly, the narrowing that occurred between the original and Superseding Indictment does not break the chain of continuity between the earlier and later charges.

In conclusion, none of the differences between the two indictments represent a material broadening or substantial amendment of the charges brought against the Defendant in the original Indictment and therefore, the Superseding Indictment should relate back to the filing date of the original Indictment for statute of limitations purposes. The original Indictment put the Defendant

on notice of the conduct for which he was being charged and, therefore, tolled the statute of limitations for the same exact charge contained in the Superseding Indictment. For these reasons, the Defendant's argument that the statute of limitations has expired as to Count One should fail.

4. **"Prejudicial irrelevant information" was improperly put before the Grand Jury which indicted the Defendant.**

The Defendant contends, throughout his moving papers, that prejudicial irrelevant information was put before the Grand Jury, and in doing so, the Government engaged in misconduct. The Defendant cites no caselaw supporting his contention.

As a preliminary matter, the Government submits that the dismissal of an indictment based on prosecutorial misconduct is an extraordinary remedy. See, e.g., United States v. Laboy, 909 F.2d 581 (1st Cir. 1990); United States v. Rodriguez, 738 F.2d 13 (1st Cir. 1984). Even assuming misconduct, failure to show infringement of the grand jury's ability to exercise its independent judgement would result in denial of the motion to dismiss. Laboy, 909 F.2d at 585. The Defendant made no such showing.

Presumably, the legal argument the Defendant seeks to put forward is that this Court should challenge the indictment on the ground that it is not supported by competent evidence. In Costello v. United States, the Supreme Court, faced with the same issue, held that no rule permits defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence. 350 U.S. 359, 363-364 (1956). See also United States v. Lopez-Lopez, 282 F.3d 1 (1st Cir. 2002). The Supreme Court went on to add that such a rule "would run counter to the whole history of the grand jury institution". Costello, 350 U.S. at 364.

Notwithstanding the legal merits of the Defendant's position, the Government submits

that all information put before the grand jury was proper. The Defendant is charged with violations of Title 26 U.S.C. § 7206(1), willfully filing false tax returns. Section 7206(1), as a specific intent crime, requires a showing of willfulness. Proof of this element is essential, and "neither a showing of careless disregard nor gross negligence in signing a tax return will suffice." United States v. Claiborne, 765 F.2d 784, 797 (9th Cir. 1985). The Supreme Court has defined "willfulness" as "a voluntary, intentional violation of a known legal duty." Cheek v. United States, 498 U.S. 192, 200 (1991).

Willfulness is rarely subject to direct proof and must generally be inferred from the defendant's acts or conduct. The Supreme Court has furnished excellent guidance on the type of evidence from which willfulness can be inferred. In the leading case of Spies v. United States, 317 U.S. 492, 499 (1943), the Supreme Court, "by way of illustration and not by way of limitation," set forth the following as examples of conduct from which willfulness may be inferred:

> [K]eeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal.

Id.

Particularly noteworthy is the Supreme Court's reference to "any conduct, the likely effect of which would be to mislead or to conceal." Id. The information the Defendant contends is "prejudicial" is information the Government submits that goes to show, inter alia, the Defendant's willfulness.

**Conclusion**

For the reasons set forth above, the United States requests that the Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

Rod Rosenstein
Assistant U.S. Attorney General

/s/Del Wright Jr.
/s/Diana Beinart
Trial Attorneys
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

     This is to certify that a copy of the foregoing was filed electronically with the Court, and notice of the filing, as well as copies, will be available to all parties once filed.

                       /s/Del Wright Jr.
                       Trial Attorney
                       U.S. Department of Justice

Case 1:04-cr-10123-DPW     Document 16     Filed 12/27/2004     Page 11 of 11