UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 04-10123 (DPW) |
| v. | ) | Judge Douglas P. Woodlock |
| | ) | |
| ANTHONY VISONE | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

### GOVERNMENT'S NOTICE OF INTENT TO OFFER
### RULE 404(b) EVIDENCE AT TRIAL

**I.    Preliminary Statement**

Pursuant to the Court's order of February 25, 2005, and Rule 404(b) of the Federal Rules of Evidence, the Government hereby submits this Notice of Intent to Offer Rule 404(b) Evidence at Trial.  On August 25, 2004, the grand jury returned a two-count indictment against Defendant Visone charging him with subscribing to false returns in violation of 26 U.S.C. § 7206(1). Specifically, the indictment charges that Defendant Visone did willfully subscribe to individual income tax returns for years 1996 and 1997 that he did not believe to be true and correct as to every material matter in that the returns reported total income of $56,319 and $4,887, respectively.

The Government gives notice to Defendant Visone of its intent to offer evidence relating to a paternity lawsuit filed against Defendant Visone in the Probate and Family Court Department of the Commonwealth of Massachusetts in 1995 (the "Paternity evidence").[1]  The purpose of the lawsuit was to reassess the amount that Defendant Visone should pay for child

---

[1]As explained below, the Government maintains that the Paternity evidence is intrinsic evidence and therefore, is admissible beyond the confines of Rule 404(b).

support.[2]  The case was heard primarily in 1998 and one day in 1999.  Specifically, the Paternity

evidence includes, but is not limited to, Judge Judith Nelson Dilday's Findings of Fact and

Conclusions of Law on Complaint and Paternity dated June 7, 1999 and Defendant Visone's

deposition and trial testimony.  Judge Dilday made numerous findings that Defendant Visone

was attempting to dissipate and/or divert his assets in an attempt to put them beyond the reach of

the plaintiff and that he had "misrepresented both his income and assets for the purpose of

avoiding an appropriate child support order."  Furthermore, Defendant Visone made

contradictory statements concerning his financial condition both in depositions and during the

trial illustrating his attempt to thwart an accurate assessment of financial situation.

 The Government submits that the Paternity evidence is relevant to the issue of intent,

knowledge, and motive in this case and allowing such evidence would not be unfairly prejudicial

to Defendant Visone.  The government submits that the Paternity evidence is relevant to the

issues in this case, both within and without the confines of Rule 404(b).

## II. Statement of Facts

 Visone was the sole shareholder of First City Management, Inc., a group of consolidated

corporations which consisted of Corvette dealerships in multiple states and financing and leasing

companies (collectively, "FCM").  As stated in the indictment, in 1996 and 1997, Visone

diverted over $1.5 million from FCM to his personal use to purchase real estate, pay off a

mortgage for a related trust of which he was the trustee and the 75% beneficiary, and pay

personal expenses.  Furthermore, Visone intentionally and continually withheld information from

the corporation's accountants and used shell corporations, real estate trusts, and nominee

---

[2]Defendant Visone did not dispute that he was the father of the child.

beneficiaries in an effort to conceal the fact that he had diverted these funds. The indictment charges that Visone willfully filed false income tax returns in that he failed to include the diverted funds he used for his personal benefit as income on his 1996 and 1997 individual federal income tax returns.

On January 6, 1995, Victoria Anne Guenther filed a complaint for paternity against Defendant Visone.  On January 17, 1995, temporary orders were entered providing for the payment of child support by Defendant Visone.  Since then, at least four complaints for contempt were filed against Defendant Visone compelling him to comply with the court's orders.  The case was heard on August 5-6 and November 17-19 of 1998 and April 1, 1999.  During the course of the lawsuit, Judge Dilday became concerned that Defendant Visone was concealing his assets in an attempt to put them beyond the reach of the plaintiff and appointed a receiver to take charge of Defendant Visone's businesses in December 1998.

Ultimately, Judge Dilday found that Defendant Visone, through his testimony, "misrepresented to this Court both his income and assets for the purpose of avoiding an appropriate child support order."  Judge Dilday also found that FCM made over $1 million in so-called loans to Defendant Visone in 1996, yet those "loans" had no maturity date nor did Defendant Visone undertake any actions to repay the "loans".  Judge Dilday also found that although Defendant Visone reported total earnings for 1996 of approximately $24,500, he made *weekly* deposits into his personal checking account of over $3,000 between February 23, 1996 and March 6, 1997.  The amount of the weekly deposits was reduced to just over $1,800 on March 13, 1997, one week before he filed his financial statement with the Probate Court indicating a gross weekly income of $500.00.

Ultimately, Judge Dilday found that Defendant Visone had "entered into an elaborate scheme to conceal his income and assets from the Court" and that he "deliberately delayed these proceedings in order to avoid an increased support obligation during the 4 years and 3 months that this matter has been in litigation." The Government submits that the Paternity evidence is relevant under Rule 401 to the issue of Visone's knowledge, motive and intent and is, therefore, admissible under Rule 404(b).

## III.    Argument

  1.    <u>Federal Rule of Evidence 404(b)</u>

As a general rule,  "all relevant evidence is admissible." Fed. R. Evid. 402.  Evidence is considered "relevant" if its existence has some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence."  Fed. R. Evid. 401.  Rule 404(b) of the Federal Rules of Evidence allows uncharged bad act evidence to be introduced if is relevant for purposes other than to prove the character of a person in order to show action in conformity therewith, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b) is not exclusionary.  <u>United States v. Escobar-de Jesus</u>, 187 F.3d 148, 169 (1st Cir. 1999).

 The First Circuit applies a two-part test to determine whether evidence of other bad acts is admissible.  First, the evidence must be probative of an issue in the case and not merely offered to show the defendant's bad character or propensity for crime.  <u>United States v. Frankhauser</u>, 80 F.3d 641, 648 (1st Cir. 1996).  Second, the probative value of the evidence in question must not be substantially outweighed by the danger of undue prejudice, confusion of

issues, or misleading the jury. Id. As provided in Rule 403, "the law shields a defendant 'against *unfair* prejudice, not against *all* prejudice.'" United States v. Candelaria-Silva, 162 F.3d 698, 705 (1st Cir. 1998) (quoting United States v. Rivera-Gomez, 67 F.3d 993, 997 (1st Cir. 1995) (emphasis in original). "The admitted evidence must not only be prejudicial, but be unfairly prejudicial, and not only outweigh relevance but substantially outweigh relevance." Id. (quoting United States v. Rivera, 83 F.3d 542, 545 (1st Cir. 1996)). The district court is given "especially wide latitude," in making this determination, Rivera-Gomez, 67 F.3d at 997, and "Rule 403 tilts the balance in favor admission." Rivera, 83 F.3d at 545.

        2.     The Paternity Evidence Is Relevant and Will Be Offered for Proper Purposes

There are at least two separate justifications for the admission of the Paternity evidence. First, the Paternity evidence is admissible under Rule 404(b) because it offers a motive for why Defendant Visone would have underreported his income on his individual income tax returns. The First Circuit has held that "motive" is a proper evidentiary purpose for which to admit 404(b) evidence. United States v. Smith, 292 F.3d 90, 98-100 (1st Cir. 2002); United States v. Gilbert, 181 F.3d 152, 161 (1st Cir. 1999) (evidence that defendant nurse was being investigated by the Veterans Administration for unexplained deaths was admissible under Rule 404(b) as proof of motive in prosecution for making bomb threat to Veteran Affair's Hospital).

As stated by Judge Dilday, Defendant Visone "entered into an elaborate scheme to conceal his income and assets from the Court" in order to avoid an increased child support order. To perpetuate that scheme, Defendant Visone would have had no choice but to also under report his income on his individual income tax returns. Defendant Visone reported wage income of $147,000 on his 1995 individual income tax return. On his 1996 individual income tax return, he

reported wages of just above $21,000. Even assuming that Defendant Visone did not set out to file false income tax returns, he was essentially between a rock and a hard place – having taken the steps he did to conceal his assets and income from the Probate Court, he would not have been able to suddenly report additional income on his tax returns without raising suspicions from the Probate Court. Thus, the Paternity evidence provides a clear motive as to why Defendant Visone falsified his tax returns.

Second, the Paternity evidence is also relevant to prove Defendant Visone's willfulness and knowledge. This is a tax prosecution, for which the requisite intent is willfulness: the intentional violation of a known legal duty. United States v. McGill, 964 F.2d 222, 237 (3rd Cir. 1992) (citing United States v. Pomponio, 429 U.S. 10, 12 (1976)). Knowledge and intent are often combined. See United States v. Nickens, 955 F.2d 112, 124-25 (1st Cir. 1992) (prior drug conviction admissible on issues of knowledge and intent when defendant claimed to be innocent bystander). Whether Defendant Visone intentionally and knowingly filed false individual income tax returns is central to this case. The fact that Defendant Visone throughout his paternity lawsuit attempted to conceal his assets and income to avoid an increased child support order serves to establish that Defendant Visone's filing of false returns was done so willfully, allowing him to under report his income in order to reduce his child support order, and to avoid a substantial amount of income tax. Similar prior acts may be admitted to show a pattern suggestive of intent. See United States v. Guyon, 27 F.3d 723, 729 (1st Cir. 1994) (evidence of other loan applications by the defendant were admissible in prosecution for bank fraud to show that defendant was engaged in a widespread scheme, where defendant argued lack of intent to defraud).

3.     The Paternity Evidence Is Not Overly Prejudicial

The indictment in this case alleges that Defendant Visone diverted over $1.5 million from FCM to his personal use, none of which was reported as income on Defendant Visone's individual income tax return, thus allowing Defendant Visone to pay significantly less income taxes than he actually owed.  The Paternity evidence is similar –  that Defendant Visone attempted to minimize his income and assets for the purpose of avoiding an appropriate child support order.  Defendant Visone's actions charged in the indictment are part in parcel with the acts he took with regard to the paternity lawsuit.  The Paternity evidence explains why Defendant Visone sought to conceal his income and shows his actions were willful. This probative evidence is crucial to the understanding of Defendant Visone's motive, and is not outweighed, let alone "substantially outweighed", by any prejudicial effect it could have on the jury.

Defendant Visone's actions in attempting to conceal his income and assets from a Probate Court to avoid paying child support may not warrant jury sympathy, but it certainly illustrates his motivation to file materially false income tax returns.  Moreover, the jury is entitled to hear the circumstances that led to Defendant Visone's filing of false income tax returns.  While the Paternity evidence may arouse prejudice, that prejudice is not unfair and certainly does not substantially outweigh the Paternity evidence's probative value.  Moreover, any potential prejudice can be minimized by a limiting jury instruction.  See Estelle v. McGuire, 502 U.S. 62, 74-75 (1991); United States v. Vest, 842 F.2d 1319, 1327 (1 st Cir. 1988).

4.     The Paternity Evidence is Intrinsic Evidence.

The Paternity evidence is intrinsic to the case, and should not be governed by Rule 404(b) because it definitively explains why Defendant Visone was in a position to "have to" submit false

income tax returns. Only extrinsic evidence is subject to Rule 404(b); evidence intrinsic to the charged offense is not excluded by Rule 404(b). United States v. Manning, 79 F.3d 212, 218 (1st Cir. 1996). Intrinsic evidence "is admitted if it contributes to an understanding of the event in question, even if it reveals crimes other than those charged . . .[a]ll circuits adopt this view." 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 404.20[2][c] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997). Evidence is also considered intrinsic if it helps to explain the circumstances surrounding the charged crime. See United States v. Fazal-Ur-Raheman-Fazal, 355 F.3d 40, 50-51 (1st Cir. 2004) (defendant's threats made against his wife were admissible as intrinsic evidence to "provide[d] a glimpse into [defendant's] otherwise internalized state of mind, thereby assisting the jury in understanding the motivating factors behind [defendant's] decision to kidnap the children").

The Paternity evidence is intrinsic because it relates to a single scheme Defendant Visone engaged in to undervalue his assets and underreport his income in an attempt to minimize his child support obligation. It helps "complete the story" of why Defendant Visone submitted false income tax returns. See United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000) (other "bad acts" evidence is not governed by Rule 404(b) "if it is necessary to complete the story of the crime on trial."). Judge Dilday found that "[t]here is evidence that the change in this defendant's financial circumstances is fraudulent and an attempt to avoid part of his obligation to support this child." Furthermore, Judge Dilday stated that the evidence established that Defendant Visone transferred numerous assets to various family member and friends, while continuing to reap the benefit of them. It is crucial that the jury be given the opportunity to understand the circumstances which led Defendant Visone to willfully submit false income tax returns. The

Paternity evidence does that, showing that while Defendant Visone may not have necessarily set out to submit false income tax returns, he was, in effect, forced to do so in order to maintain the false image of his financial situation that he presented to the Probate Court.  In fact, the Paternity evidence and the false tax returns are intertwined with each other so much so that they can not be realistically disentangled without giving an incomplete picture of the evidence supporting the crime.  See United States v. McGauley, 279 F.3d 62, 72-73 (1st Cir. 2002).  For these reasons, the Paternity evidence is admissible independently of Rule 404(b).

Should this Court find that the Paternity evidence is subject to a 404(b) analysis, the Government submits that the evidence is admissible as evidence of Defendant Visone's knowledge, intent, and motive, the probative value of which outweighs any potential prejudice to him.

> Respectfully submitted,
>
> ROD ROSENSTEIN
> Assistant U.S. Attorney General
>
>
> /s/Diana Beinart
> /s/Del Wright Jr.
> Trial Attorneys
> U.S. Department of Justice

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically with the Court, and notice of the filing, as well as copies, will be available to all parties once filed.


/s/Del Wright Jr.
Trial Attorney
U.S. Department of Justice