UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | CR. No. 04-10123 (DPW) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY VISONE | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR RELIEF FROM IMPOUNDMENT FILED IN THE MIDDLESEX COUNTY PROBATE AND FAMILY COURT**

**I. Introduction**

The Defendant, Anthony Visone, is charged with subscribing to false tax returns in violation of 26 U.S.C. Sec. 7206(1). Specifically the Indictment charges that Defendant Visone did willfully subscribe to individual income tax returns for years 1996 and 1997 that he did not believe to be true and correct as to every material matter in that the returns reported total income of $56,319 and $4,887, respectively.

In 1995 and thereafter, Defendant Visone was the defendant in a paternity lawsuit filed against him in the Probate and Family Court Department of the Commonwealth of Massachusetts (the "Paternity Proceeding"). The primary issue in the Paternity Proceeding was the amount Defendant Visone should pay in child support. Both the Defendant Visone and the Plaintiff in the Paternity Proceeding heatedly contested and litigated the issue. The Paternity Proceeding was ultimately settled in 1998. Defendant Visone's tax returns for 1996 and 1997 were never an issue in the Paternity Proceeding. Furthermore the Court in the Paternity Proceeding made no findings in connection with

Defendant Visone's 1996 and 1997 tax returns as they were not the subject matter of that proceeding.

On March 4, 2005 the Government filed a Motion seeking to admit the Paternity Proceeding under Rule 404(b). The Defendant filed an opposition on March 28, 2005. At a hearing on the Rule 404(b) Motions, this Court ruled that reference to the Paternity Proceeding or express reference to evidence as relating to the Paternity Proceeding would *not* be admissible under Rule 404(b) in the present matter (emphasis added). On June 9, 2005 the Government filed a Motion For Relief from Impoundment in Middlesex Probate and Family Court (the "Middlesex Probate Motion") seeking access to the Paternity Proceeding Files (a copy of the Government's motion is attached hereto).

The Government's Middlesex Probate Motion is in direct violation of the Court's 404(b) ruling and is an attempt by the Government to circumvent the Federal Rules of Criminal Procedure. The Defendant requests that the Government be prohibited from pursuing the Middlesex Probate Motion. In the alternative if the government is successful in obtaining the release of the documents that it be prohibited from using such documents in this proceeding.

**II. The Government's Middlesex Probate Motion is in Direct Violation of the Court's 404(b) Ruling Prohibiting Any Reference to the Paternity Proceeding.**

The Government's Middlesex Probate Motion states, "The Government seeks to offer evidence (the "*Paternity Evidence*" (emphasis added) relating to the Paternity lawsuit filed against Defendant Visone in Probate and Family Court department of the Commonwealth of Massachusetts in 1995," (Government's Middlesex Probate Motion, Paragraph 2). "In order to ensure both that any such relevant and material evidence from the Paternity case *may be used in the federal criminal case* (emphasis added) . . . the

2

Government requests relief from impoundment . . . ," (Government's Middlesex Probate Motion, Paragraph 4). "The Government seeks to use the information in the aforementioned case in a criminal case against Anthony Visone. This information is essential to the prosecution of Mr. Visone for the introduction of certain evidence and witnesses," (Diana H. Beinhart Affidavit in Support of Motion). The Government's Middlesex Probate Motion and supporting Affidavit characterization of the state court evidence as being "Paternity Evidence" and essential to the prosecution of the defendant is both misleading and contrary to the court's 404(b) ruling.

### III. The Documents and Information the Government Seeks to Obtain Through the Middlesex County Motion are Governed by Federal Rule of Criminal Procedure 17(c).

Federal Rule of Criminal Procedure 17 (c) states: A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or other objects designated therein. The proper procedure for requesting information in connection with the Paternity Proceeding would be through a subpoena in accordance with Rule 17 (c). However, the Government would not be able to obtain the Paternity Proceeding information through a subpoena. "In order to require production [of documents through a subpoena] prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing

3

expedition," *US v. The LaRouche Campaign*, 841 F.2d 1176 at 1179 (First Circuit, 1988) citing *US v. Nixon*, 418 U.S. 683.

In the present case the Government has made no showing that the documents are evidentiary and relevant. (Since the documents are impounded the Government has no way of knowing what documents, if any, in the Paternity Case are evidentiary and relevant.) The documents are in fact procurable in advance of trial by exercise of due diligence. The Government has already obtained a number of documents pertaining to the Paternity Proceeding. Over two years ago the Government subpoenaed Plaintiff's counsel, (in the Paternity Proceeding) Kathleen Kelly's records. In response to the subpoena and in agreement with the Government, Kathleen Kelley filed a motion with the Middlesex Probate and Family Court requesting that the Government be allowed access to the impounded file. Furthermore, on or about October 18, 2004, the Government forwarded dozens of tapes of the Paternity Proceeding. These tapes were copied from the tapes the Government received from Kathleen Kelley. The Paternity Proceeding evidence is procurable through due diligence. The Government's ability to procure most if not all of the evidence in the Paternity Proceeding demonstrates the evidence's availability.

The Government has made no contention that it cannot properly prepare without the production and inspection of the Paternity Proceeding trial evidence prior to trial. Finally, since the evidence is impounded and the Government has no specific knowledge as far as what it is seeking, the application for a subpoena would constitute a "fishing trip". For these reasons the Government would not be able to obtain the evidence it is seeking pursuant to the applicable rule of Federal Procedure, Rule 17(c). The

Government is attempting to avoid complying with Rule 17 (c) by filing the Middlesex County Motion and as such the Government should be prohibited from filing said Motion.

**IV.  The Government's Middlesex Probate Motion is an Untimely Attempt to Gain Additional Evidence Against the Defendant.**

The Government's Middlesex Probate Motion is nothing more than an attempt by the Government to gain additional evidence against the Defendant. Attempting to introduce additional evidence against a Defendant that has already been charged is analogous to bringing an additional witness before the grand jury.  "The government may not call a witness before a grand jury primarily or exclusively to obtain additional evidence that an indicted defendant has committed a crime with which he has already been charged,"  *US  v. Flemmi*, 108 F. Supp. $2^d$ 39, 41.  "It is well established the government may not call a witness before a grand jury primarily or exclusively to strengthen and existing case against an indicted defendant," *Id* at 43.  The time to introduce the evidence from the Paternity Proceeding would have been at the grand jury prior to the indictment. The Government's Middlesex County Motion is an untimely attempt to introduce additional evidence against the defendant and is prohibited as a matter of law.

**V. The Government's Motion is not Properly Before the State Court and Does Not Challenge the Good Cause of the Original Impoundment Order.**

The Government's has failed to follow the proper procedure for a disinterested third party seeking relief from impoundment.  Even had the Government followed the proper procedure the Government in its Motion failed to show that good cause does not exist for continued impoundment which is the legal standard.  A legitimate public

5

concern overrides good cause for impoundment, however, the Government sets forth only a self-serving reason for relief. As such the Government's Middlesex Probate Motion fails on both procedural and substantive grounds in the state court.

## VI. Conclusion

The Government's Middlesex Probate Motion is in conflict the prior rulings of this Court. The Middlesex Probate Motion is an attempt to circumvent federal Rule of Procedure 17(c). The Middlesex Probate Motion is an untimely attempt to gain additional evidence against the Defendant contrary to established law. Finally, the Middlesex Probate Motion is not properly before the state court. Even had the Government followed the applicable rule in bringing the Middlesex Probate Motion the Government fails to challenge the good cause demonstrated for initially granting the impoundment. For these reasons the defendant requests that the Government be prohibited from pursuing the Middlesex Probate Motion in this matter.

                                                         Respectfully Submitted
                                                         **ANTHONY VISONE**
                                                         By his attorney,

                                                         /s/ *Albert F. Cullen, Jr.*
                                                         BBO# 107900
                                                         30 Massachusetts Avenue
                                                         North Andover, MA 01845
                                                         (978) 794-5658

Dated: July 6, 2005

**CERTIFICATE OF SERVICE**

  I, Albert F. Cullen, certify that I understand that all counsel will receive electronic notice of the electronic filing of this pleading.

                /s/ ***<u>Albert F. Cullen, Jr.</u>***
                Albert F. Cullen, Jr.