UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,                      )<br>                                                                      )<br>                               Plaintiff            )<br>                                                                      )<br>         v.                                                         )<br>                                                                      )<br>ANTHONY VISONE                                      )<br>                                                                      )<br>                               Defendant        )<br>_____) | CR. No. 04-10123 (DPW) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR RELIEF FROM IMPOUNDMENT FILED IN THE MIDDLESEX COUNTY PROBATE AND FAMILY COURT**

**I.   Introduction**

On March 4, 2005, the Government filed a motion seeking to admit evidence from a paternity lawsuit filed against the Defendant (the "Paternity Proceeding") in the Probate and Family Court Department of the Commonwealth of Massachusetts (the "Probate Court"), under Fed. R. Evid. 404(b). The Defendant filed an opposition to the Government's motion and the Court held a hearing.  At this hearing, the Court ruled that the evidence was generally admissible, except that any reference to the Paternity Proceeding as a "Paternity Proceeding" would be prejudicial, and the "Findings of Fact" made by the Probate Court was inadmissible hearsay.

In order to release the Paternity Proceeding from impoundment, the Government filed a Motion for Relief from Impoundment in the Probate Court (the "Motion for Relief").  Soon thereafter, the Defendant filed, in the United States District Court, an Opposition to the Government's Motion for Relief from Impoundment (hereinafter "Opposition Motion"), despite

1

the fact that the Government had filed its Motion for Relief with the Probate Court, not with the U.S. District Court. In his Opposition Motion, the Defendant articulated no authority for the U.S. District Court to effectively enjoin the Government from seeking its Motion for Relief in the Probate Court. In fact, Massachusetts General Law 209A, which governs impoundment, was amended in 2000 (after the Paternity Proceeding was finalized) so that prosecutors and other law enforcement personnel can have access to impounded files if necessary in the performance of their duties. See www.mass.gov/courts/formsandguidelines/domestic/app/appendixb.pdf.

In order to ensure both that any such relevant and material evidence from the Paternity Proceeding may be used in the federal criminal case, and to ensure that access to such information is in no way hindered by the impoundment of the Paternity Proceeding, the Government respectfully requests that the Court overrule the Defendant's Opposition Motion.

**II.    The Government has not violated the Court's F.R.E. 404(b) ruling**

In its Opposition Motion, the Defendant incorrectly alleges that the Government's Motion for Relief is in direct violation of the Court's earlier ruling with respect to the Paternity Proceeding. Under F.R.E. 404(b), evidence of other crimes, wrongs, or acts may be admissible to prove things such as motive, opportunity, intent, and absence of mistake. However, there is a difference between using evidence in front of a jury at trial, and seeking information through due diligence before a trial has even begun. The Court's F.R.E. 404(b) ruling laid the groundwork for what evidence can and cannot be used *at trial*. The ruling did not designate information that the prosecution was barred from even seeking, let alone did it dictate how the Government would be permitted to gather evidence consistent with the Court's ruling.

**III.     The Government is not required to subpoena the Probate Court**

The Defendant also incorrectly alleges that the Paternity Proceeding may only be obtained from Probate Court via subpoena. To the contrary, a subpoena should be used only when evidence cannot be obtained by the exercise of due diligence. <u>United States v. Nixon</u>, 418 U.S. 683, 699-700 (1974) (citing <u>United States v. Iozia</u>, 13 F.R.D. 335, 338 (S.D.N.Y 1952). In the case at hand, the Government seeks to obtain the evidence through due diligence (i.e., the filing of the Motion for Relief), which the Defendant acknowledges in his Opposition Motion, where he states: "The documents are in fact procurable in advance of trial by exercise of due diligence." (Opposition Motion, Paragraph 7). Therefore, consistent with <u>Nixon</u>, the Government filed its Motion for Relief.

**IV.    The Government's Motion for Relief is not analogous to "bringing an additional witness before the grand jury"**

The Defendant's third argument confuses the purpose of discovery with the function of a Federal Grand Jury (a "Grand Jury"). The Defendant's comparison of:

1) the Government seeking a release from impoundment from the Probate Court, with

2) the Government calling an additional witness before the Grand Jury

is completely baseless. The Defendant apparently reasons that due diligence performed by the Government prior to trial but after indictment is analogous to the Government putting additional witnesses before the Grand Jury. If this reasoning were adopted, prosecutors would be cut off from further discovery as soon as a defendant is indicted. Such reasoning is contrary to established law.

3

**V.     The Probate Court granted the Government's Motion for Relief**

On July 15th, the Probate Court ruled that the Motion for Relief would be granted provided that the plaintiff in the Paternity Proceeding be given notice and agree to relief from impoundment within ten days. On July 22nd, the Government faxed the Probate Court the plaintiff's consent to relief from impoundment of the Paternity Proceeding.

**V1.    Conclusion**

The Defendant has not articulated any legal basis for an effective injunction against the Government, nor has it raised even a colorable legal basis upon which its chosen relief could be granted. Information obtained from the Paternity Proceeding may provide relevant and material information related to the Defendant's financial situation, motive for filing false tax returns, and criminal intent. Furthermore, the Probate Court has already heard and granted the Government's Motion for Relief. The Government respectfully requests, in the interest of justice, that the Defendant's Opposition Motion be overruled.

Respectfully submitted,

/s/ Del Wright Jr.

DEL WRIGHT JR.
Trial Attorney
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was filed electronically with the Court, and notice of the filing, as well as copies, will be available to all parties once filed.

/s/ Del Wright Jr.
Trial Attorney
U.S. Department of Justice