UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                      )<br>)<br>ANTHONY VISONE              )<br>    Defendant                    )<br>)<br>_____) | Criminal No. 04-10123 (DPW)<br>Judge Douglas P. Woodlock |

**MOTION FOR AN EVIDENTIARY HEARING**

Now comes the United States, by and through its undersigned counsel, and hereby requests an evidentiary hearing to provide the Court with evidence that the Defendant's diversions of funds violated the law and/or were attempts to defraud third party creditors, and, therefore, that the "no earnings and profits, no income" rule does not apply in this case.

**STATEMENT OF THE CASE**

On April 14, 2005, a federal grand jury sitting in Boston, Massachusetts returned a one-count indictment charging the Defendant with willfully filing a false tax return, in violation of 26 U.S.C. § 7206(1), for tax year 1996.  On August 25, 2004, the same grand jury returned a superseding indictment charging the Defendant with an additional count of willfully filing a false return, in violation of 26 U.S.C. § 7206(1), for tax year 1997.  Trial in this matter is set to commence on January 3, 2006.

On March 4, 2005, the Government submitted a Pretrial Memorandum on Legal Issues Surrounding Diversions of Company Funds to a Shareholder (the "Diverted Funds Brief").  After a hearing on March 30, 2005, the Court reserved its ruling on the legal question of whether the "no earnings and profit, no income" test set forth in United States v. D'Agostino, 145 F.3d 69

(2d Cir. 1998) would be used in this case. 1/

## ARGUMENT

The Second Circuit's opinion in D'Agostino made clear that the "'no earnings and profits, no income' rule would not necessarily apply in a case of unlawful diversion, such as embezzlement, theft, a violation of corporate law, or an attempt to defraud third party creditors." 145 F.3d at 73. In United States v. Bok, the Second Circuit affirmed its position, stating: "We have made clear that the return of capital theory applies equally in both criminal and civil cases, **assuming that the diversion itself was not unlawful**." (emphasis supplied) 156 F.3d 157, 162 (2d Cir. 1998).

The Government's Diverted Funds Brief stated that it "believes it could satisfy such a standard, though this brief will not discuss this aspect of D'Agostino." 2/ Because the Court has not indicated what rule of law would apply in the case, the Government respectfully requests a hearing where the Government can demonstrate, by a preponderance of the evidence 3/, that the Defendant's diversions were in violation of law and/or intended to defraud third-party creditors, and therefore, that even if the Court adopted the Second Circuit's reasoning, the "no earnings

---

1/ Briefly, in corporate diversion cases by controlling shareholders, the Government is required to prove the funds at issue have the appearance of income. While a majority of the Circuits find that showing to be sufficient, in the Second Circuit, under the rule set forth in D'Agostino, if a defendant can show that his company had no earnings and profit, so long as the defendant's investment in the company exceeds the amount diverted, the diversion is treated as a non-taxable return of capital. The Government continues to contend that this Court should employ the test used in most Circuits in determining whether diverted funds are income (i.e., the "appearance of income" test) instead of the Second Circuit's unique position (i.e., the "appearance of income" test with a "no earnings and profit, no income" exception).

2/ Diverted Funds Brief, Page 5 of 16.

3/ The Government submits that the preponderance of evidence standard is appropriate for an evidentiary hearing. See, e.g. United States v. Tilley, 964 F.2d 66 (1st Cir. 1992); citing United States v. Verrusio, 803 F.2d 885, 891 (7th Cir. 1986).

and profit, no income" test would not apply.

At an evidentiary hearing, the Government can adduce sufficient evidence for the Court to determine that the Defendant's diversions were unlawful and/or intended to defraud third-party creditors. For example, the Government can present evidence demonstrating that the Defendant's diversions were intended to defraud at least one bank that had loaned money to one of the Defendant's companies. As an additional example, the Government hereby submits the Findings of Fact and Conclusions of Law of the Probate Court in Guenther v. Visone (attached with this filing as a pdf file named "Findings of Fact"). Specifically, ¶¶ 26, 65, 138 and 139 of the Findings of Fact, and ¶ 19 of the Conclusions of Law support a finding that the Defendant's diversions were unlawful, as those paragraphs detail the Probate Court's findings that the Defendant's diversions were deliberate attempts to misrepresent to that court his income and assets for the purpose of avoiding an appropriate child support order.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court hold an evidentiary hearing to determine whether the Defendant's diversions were unlawful and/or were intended to defraud third-party creditors. Because portions of this evidence are potentially inadmissible or could be prejudicial to the Defendant at trial, the Government seeks to present this evidence in a pretrial evidentiary hearing. The Government also seeks a ruling before trial on whether the Court will allow the "no earnings and profits, no income" test to be submitted to the trier of fact.

Respectfully submitted,
Dana Boente
Assistant U.S. Attorney General

/s/Del Wright Jr.
/s/Susanne Sachsman
Trial Attorneys
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing was filed electronically with the Court, and notice of the filing, as well as copies, will be available to all parties once filed.

                                            <u>/s/Del Wright Jr.</u>
                                            Trial Attorney
                                            U.S. Department of Justice