UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | CR. No. 04-10123 (DPW) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY VISONE | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S REQUEST
FOR AN EVIDENTIARY HEARING**

Now comes the Defendant by and through his undersigned attorney and opposes the Government's request for an evidentiary hearing.

**I.      Background**

The Defendant Anthony Visone is charged in a two count indictment with willfully filing a false tax return for the calendar years 1996 and 1997 in violation of 26 U.S.C. §7206(1). The government contends that he underreported his gross income in each year.

The evidence will show that Visone was the sole or controlling shareholder of First City Management (hereinafter "First City"). First City was a Massachusetts corporation formed in 1988 and served as a holding company for at least ten subsidiaries. First City filed consolidated returns with its ten subsidiaries. These subsidiary companies consisted of car dealerships (the purchase and sale of used corvettes), leasing companies and finance companies. The Defendant Visone also had an interest in several real estate trusts including Broadway Realty Trust which owned the premises on which his car dealership in Saugus was located.

In 1995 a former employee brought a paternity action against the Defendant in Middlesex Probate Court for child support. After a trial without a jury the Probate Judge entered a decision making certain findings and rulings (a copy of which the Government has again submitted with its motion). An appeal was taken, but the matter was eventually settled by agreement.

The Government's investigation of Mr. Visone for criminal tax violations began sometime prior to June 1999. From the beginning of this investigation Mr. Visone and his representatives have taken the position that the monies he received from his companies were either loans or repayment of capital since the companies had no earnings and profits from which it could pay dividends. Therefore the funds Visone received did not have to be reported as income under *United States v. D'Agostino*, 145 F.3d 69, 2nd Cir. (1998).

It is the Defendant's position that he did not "divert" any monies from First City. It is expected that the evidence will show that all of the advances were recorded on the books and records of the companies.[1]

## II. Argument

At the hearing on March 30, 2005 this Court heard arguments as to whether it would allow the Defendant to assert the "no earnings and profits, no income defense". While the Court did not make a definitive ruling, it is the Defendant's attorney's recollection that the Court did indicate that the Government should be prepared to meet the defense.

The Government now by this motion for an evidentiary hearing is attempting to have this Court rule upon a factual question which should be submitted to the jury.

Both *D'Agostino* and *United States v. Bok*, 156 F.3d 157 2nd Cir. (1998) make clear that "the "no earnings and profits, no income" rule would *not necessarily* apply in a case of *unlawful* diversion (emphasis added) . . ." *D'Agostino*, at 73. The Court in *D'Agostino* made clear the return of capital theory applies in both civil and criminal cases assuming that the diversion itself was not unlawful. As the Court in *Bok* noted, "Similarly, in return of capital cases, a taxpayer's intent is not determinative in defining the taxpayer's conduct. That is, the taxpayer or the corporation need not have described the distribution at issue as a dividend or a return of capital at the time it was made; rather, the realities of the transaction--including the amount of the shareholder's basis and the corporation's earnings or profits, as well as the amount of the distribution--govern its characterization for tax purposes. In this way the Court in *D'Agostino* applied the return

---

[1] It should be noted that the accounting for tax purposes may differ from the corporate accounting.

of capital theory even though it had "little doubt the D'Agostino's acted with bad intentions" . . ., *Bok* at 162-163.

There is no evidence to suggest that the present case was an unlawful diversion or an attempt to defraud third party creditors. The Government suggests that it can present "evidence demonstrating that the Defendant's diversions were intended to defraud at least one bank that had loaned money to one of the Defendant's companies." The Government does not state what bank or form what company from whom the diversion allegedly was made. The Defendant would submit that even if the Government can support this allegation by admissible evidence it is a question of fact which should be decided by a jury beyond a reasonable doubt.

It is apparent that the Government is seeking to prohibit the Defendant from introducing evidence which is both probative of his intent and goes directly to the question as to whether his income was under reported. These issues are issues which should be decided by the jury.

With respect to the findings of the Probate Court in *Guenther v. Visone*, these findings do not support a finding that the Defendant's diversions were unlawful. The findings of the Probate Court did not take into account the issue as to whether the corporations had earnings and profits. Further the issue in this case is not the amount of a child support order but whether the Defendant had to report funds he received as income on his individual income tax return. The Defendant again submits that the findings of the Probate Court are not admissible in this proceeding and that any question of fact which is relevant in this case must be proved by the Government to a jury beyond a reasonable doubt.

### III.  Alternative

In the event this Court decides to grant an evidentiary hearing as requested the Defendant would request that he be furnished with both copies of any documents the Government intends to introduce and the names of the witnesses the Government intends to call at the hearing.

The Defendant would also submit that for any findings of fact made by the Court as a result of such hearing the standard should be beyond a reasonable doubt.

### IV. Conclusion

For the reasons stated above the Defendant requests that the Court deny the Government's request for a hearing.

Respectfully Submitted,<br>
**ANTHONY VISONE**<br>
By his attorney<br><br>
/s/ *Albert F. Cullen, Jr.*<br>
BBO#107900<br>
60 K Street<br>
Boston, MA 02127<br>
(617) 268-2240

Date:  December 6, 2005

### CERTIFICATE OF SERVICE

I, Albert F. Cullen, Jr., certify that all counsel will receive electronic notice of the filing of this pleading.

/s/ *Albert F. Cullen, Jr.*<br>
Albert F. Cullen, Jr.