UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>v.                         )<br>  )<br>ANTHONY VISONE        )<br>     Defendant            )<br>  )<br>_____ ) | Criminal No. 04-10123 (DPW)<br>Judge Douglas P. Woodlock |

MOTION FOR ORDER OF NOTICE

Now comes the United States, in the above captioned matter, and respectfully requests that this Court provide notice to the attorneys to be deposed, pursuant to this Court's ruling on December 13, 2005, of the nature of the information sought at the deposition.

On December 15, 2005, Garrett Harris, an attorney at Gallagher & Associates (one of the attorneys to be deposed) called the Government to ascertain the purpose of his deposition after an attorney for the Defendant called him to attempt to schedule a deposition. In order to ensure that the deponents are not improperly influenced by contact with either party prior to the ordered deposition, it is respectfully requested that the Court issue the attached Order advising the deponents of the purpose of the deposition.

In addition, the Government requests that it be notified of any depositions in this matter, and be allowed to cross examine any deponents. Absent explicit rules for this type of deposition, the Government relies on the Federal Rules of Criminal Procedure, which "govern the procedure in all criminal proceedings in the United States district courts." Fed. R. Crim. P. 1.(a)(1). Federal Rule of Criminal Procedure 15, which sets forth rules for depositions, provides that,

   (b) Notice.

      (1) In General. A party seeking to take a deposition must give every other party

>reasonable written notice of the deposition's date and location. The notice must state the name and address of each deponent. If requested by a party receiving the notice, the court may, for good cause, change the deposition's date or location.

and,

>(e) Manner of Taking. Unless these rules or a court order provides otherwise, a deposition must be taken and filed in the same manner as a deposition in a civil action, except that:
>
>>...
>
>>(2) The scope and manner of the deposition examination and cross-examination must be the same as would be allowed during trial.

Fed. R. Crim. P. 15(b)(1), Fed. R. Crim. P. 15(e)(2).

The Government is clearly a party in interest in this matter, and Fed. R. Crim. P. 15(e)(2) clearly permits attendance at depositions and the cross examination of witnesses.

          Respectfully submitted,

_____
/s/Del Wright Jr.
Susanne Sachsman
Trial Attorneys
U.S. Department of Justice

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ANTHONY VISONE )<br>    Defendant )<br>)<br>_____ ) | Criminal No. 04-10123 (DPW)<br>Judge Douglas P. Woodlock |

ORDER

It is hereby ordered that Garrett Harris and/or Owen Gallagher, attorneys at Gallagher & Associates, appear to be deposed by the Defendant in the above captioned matter to determine the circumstances surrounding the production of the documents that Gallagher & Associates turned over to the Government relating to the case of  USF&G v. First City Acceptance Corp. et al.  Specifically, the deposition will allow the parties in the above captioned matter to establish facts to permit the Court to determine if the Defendant is entitled to any relief as the result of the deponents providing records responsive to a timely issued grand jury subpoena subsequent to the return of the indictment.

It is also ordered that the Defendant must give the Government reasonable written notice of the deposition's date and location, and, at the conclusion of its examination, permit the Government to cross examine each deponent. The notice must state the name and address of each deponent.

_____
Honorable Douglas P. Woodlock