UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 04-10123 (DPW) |
| v. ) | Judge Douglas P. Woodlock |
| ) | |
| ANTHONY VISONE, ) | |
| Defendant ) | |
| ) | |
| _____ ) | |

**AFFIDAVIT OF
DEL WRIGHT JR.**

I, Del Wright Jr., hereby state as follows:

1. I serve as a trial attorney with the Tax Division of the U.S. Department of Justice.

2. On or about April 8, 2004, a federal grand jury sitting in the District of Massachusetts issued a subpoena (the "Subpoena") to the Custodian of Records for the law firm of Gallagher & Associates, P.C., requesting "all non-privileged documents and records, including but not limited to court pleadings, discovery materials, deposition transcripts, trial tapes and trial transcripts, concerning Anthony Visone." (the "USF&G Documents") The Assistant U.S. Attorney listed on the Subpoena was Mark J. Balthazard. On or about April 20, 2004, the Subpoena was served on the law firm of Gallagher & Associates. The Subpoena is attached as Exhibit A.

3. Initially, the return date for the Subpoena was April 14, 2004. However, because the Subpoena would not be served in time for the April 14, 2004 grand jury session, to the best of my recollection, I authorized Special Agent Lemanski to change the return date to April 28, 2004. The Subpoena stated that "In lieu of appearing before the Grand Jury", the Custodian of Records could comply with the Subpoena by "causing such materials to be mailed to the Assistant U.S. Attorney at the address shown below", i.e., Assistant U.S. Attorney Mark J. Balthazard. At that time, the Government intended to, and in fact did, supersede the April 14, 2004 indictment against the Defendant (the superseding indictment was returned in August 2004), and believed that the information to be obtained pursuant to the Subpoena could be relevant to its ongoing investigation.

4. On or about April 26, 2004, I discussed with Special Agent Lemanski releasing Garrett Harris, the Custodian of Records of Gallagher & Associates, P.C., from the Subpoena pursuant to an arrangement she made with Mr. Harris. Pursuant to my understanding of the arrangement, in exchange for being released from the Subpoena, Mr. Harris agreed to permit the Government to review the documents and records responsive to the Subpoena

        at some later date.  Based on my understanding of the arrangement, I authorized Special Agent Lemanski to advise Mr. Harris that he was released from his obligations pursuant to the Subpoena.

5. By letter dated June 8, 2005 (Attached as Exhibit B), Mr. Harris contacted Special Agent Lemanski regarding the USF&G Documents, and he stated that the documents would be disposed of if the Government did not intend to review them.  Shortly thereafter, Special Agent Lemanski contacted me to discuss reviewing the documents.  At or around that time, Special Agent Lemanski did not provide me with a copy of the June 8, 2005 letter.

6. Sometime after the conversation with Special Agent Lemanski on or about June 2005, I contacted Mr. Harris to discuss reviewing the USF&G Documents, and asked if there were any depositions or affidavits that he could send me.

7. On or about July 6, 2005, I received a letter from Mr. Harris enclosing a number of depositions and affidavits, and giving me the opportunity to review his file.  (Attached as Exhibit C).

8. On or about October 21, 2005, I, along with Special Agent Lemanski, met with Mr. Harris at his office and reviewed the USF&G Documents.  After a brief review, I asked, and Mr. Harris agreed, to send the documents to my office because the documents were voluminous and I did not believe that it would be possible to thoroughly review them at the time.  At that meeting, I discussed with Mr. Harris the fact that Mr. Visone had already been indicted, as well as the nature of the charges against him and the trial date.

9. On or about the week of October 24, 2005, I received the USF&G Documents from Mr. Harris.

10. From on or about November 21-27, 2005, I reviewed the USF&G Documents.

11. On or about November 28, 2005, the Government attempted to notify the defense, via letter, of the existence of the USF&G Documents, and to provide them with the opportunity to review the documents.  Because Mr. Cullen had changed his address and phone number and had not specifically contacted the Government to inform them of the change (although such change was made on the docket), the Government sent the letter to Mr. Cullen's previous address.  Unbeknownst to the Government, Mr. Cullen had sent a letter, dated November 18, 2005 via U.S. regular mail, to the Government at its Washington, DC, address, informing the Government that his address had changed.  The letter was stamped "X-RAYED November 25 2005 DOJ MAILROOM".  Although the letter was received by the Department of Justice on November 25, 2005, I did not receive the letter until on or about December 5, 2005, as I was in Boston from November 29, 2005 until December 2, 2005, and did not return to my Washington, DC, office until December 5, 2005.

12.     After a telephone conversation with Mr. Cullen on or about December 6, 2005, on December 7, 2005, the Government attempted to hand deliver the specific USF&G Documents it intended to use at trial, along with letters describing other trial-related matters (collectively, the "Package"). There was no response at Mr. Cullen's office, so the Package was returned to the Government's possession. The Government then left a telephone message for Mr. Cullen in an attempt to arrange for him to pick up the Package, but received no response. Subsequently, on December 8, 2005, the Government sent the Package, via Federal Express, to Mr. Cullen's office. Soon after the pretrial hearing on December 13, 2005, Mr. Cullen indicated that in the future, the Government could leave documents outside of his office if there was no answer.

Signed and acknowledged under the penalties of perjury this 21st day of December, 2005.

/s/ *Del Wright Jr.*
Del Wright Jr.
Trial Attorney
U.S. Department of Justice