UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 04-10123 (DPW) |
| v. | ) | Judge Douglas P. Woodlock |
| | ) | |
| ANTHONY VISONE, | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

### AFFIDAVIT OF SANDRA J. LEMANSKI

I, Sandra J. Lemanski, hereby state and depose as follows:

1. My name is Sandra J. Lemanski, and I am a Special Agent in the Boston, Massachusetts office of the Internal Revenue Service, Criminal Investigation. I am assigned to the investigation of Anthony Visone.

2. On or about April 8, 2004, a federal grand jury sitting in the District of Massachusetts issued a subpoena (the "Subpoena") to the Custodian of Records for the law firm of Gallagher & Associates, P.C., requesting "all non-privileged documents and records, including but not limited to court pleadings, discovery materials, deposition transcripts, trial tapes and trial transcripts, concerning Anthony Visone." The Assistant U.S. Attorney listed on the Subpoena was Mark J. Balthazard. On or about April 20, 2004, the Subpoena was served on the law firm of Gallagher & Associates. The Subpoena is attached as Exhibit A.

3. Initially, the return date for the Subpoena was April 14, 2004. However, because the Subpoena would not be served in time for the April 14, 2004 grand jury session, after discussing the matter with one of the attorneys investigating the case, I changed the return date of the Subpoena to April 28, 2004 and initialed the change. To the best of my recollection, I discussed changing the return date of the Subpoena with Trial Attorney Del Wright Jr., and that Mr. Wright authorized me to change the return date. The Subpoena stated that "In lieu of appearing before the Grand Jury", the Custodian of Records could comply with the Subpoena by "causing such materials to be mailed to the Assistant U.S. Attorney at the address shown below", i.e., Assistant U.S. Attorney Mark J. Balthazard.

4. On or about April 26, 2004, I had a conversation with Garrett Harris, an attorney at Gallagher & Associates, P.C., who had received the Subpoena. During that conversation, Mr. Harris indicated that as part of his office's investigation of a civil lawsuit against Anthony Visone, his office had obtained several file drawers full of documents, including court filings and documents obtained through their discovery process. Mr. Harris was cooperative about providing those documents to the Government; however, because the documents were so voluminous, he requested that he not be required to copy all of those documents and deliver them to the Government. I offered that if the Government attorneys on the case agreed, I would review those documents at Mr. Harris's office and identify which documents were relevant to our investigation, and copy those. I explained that if Mr. Harris agreed to permit me to review the documents at some later date, he would be released from his obligations pursuant to the Subpoena. Mr. Harris agreed to that arrangement.

5. On or about April 26, 2004, Mr. Harris sent me a letter that described our earlier discussion, and asked whether the Government would still be willing to come to his office to review the documents. That letter is attached as Exhibit B.

6. On or about April 27, 2004, to the best of my recollection, I gained approval from Mr. Wright to release Mr. Harris from the Subpoena according to the arrangement described above. After gaining approval, I left a phone message for Mr. Harris indicating that the Government was willing to review the documents at his office, according to the arrangement described above.

7. On or about April 27, 2004, Mr. Harris sent me another letter confirming our arrangement, which stated that his "office will not need to appear in court or produce any documents in court" on April 28, 2004, and agreeing to "assemble and make available to the Government any non-privileged records" in his office's possession for the Government to review. That letter is attached as Exhibit C.

8. On or about June 8, 2005, Mr. Harris sent me a letter noting that the Government had still not reviewed his documents, and asking whether we still planned to review his files pursuant to our arrangement. He explained that if we were no longer interested in the files, his office was going to dispose of them. That letter is attached as Exhibit D.

9. After receiving that letter, I contacted Mr. Wright, and told him about Mr. Harris's June 8, 2005 letter.

10. On or about July 6, 2005, I received a letter from Mr. Harris that indicated he had had a telephone conversation with Mr. Wright, and had sent Mr. Wright deposition transcripts and affidavits from his office's file for the USF&G v. First City Acceptance Corp., et al. case. I did not receive a copy of the enclosures. That letter is attached as Exhibit E.

11.     On or about October 21, 2005, I accompanied Mr. Wright to the offices of Gallagher & Associates, P.C., and met with Mr. Harris. At that time, Mr. Wright and I reviewed the documents. Instead of copying the documents, Mr. Harris agreed to send all of the original documents, which was approximately three boxes, to Mr. Wright's office in Washington, DC. To the best of my recollection, at no time during the meeting did either I, Mr. Wright, or Mr. Harris mention the Subpoena.

Signed under the pains and penalties of perjury this 21st day of December, 2005.

*Sandra Lemanski*

Sandra J. Lemanski