UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 04-10123 (DPW) |
| v. ) | Judge Woodlock |
| ) | |
| ANTHONY VISONE ) | |
|     Defendant ) | |
| ) | |
| _____ ) | |

**MOTION FOR GUIDANCE**

Comes now the Government to seek guidance from the Court to determine what actions to take with respect to certain documents (the "Documents", attached as Exhibit 1) that Ocean Bank produced to the United States in December, 2005.

**I.    Facts**

Sometime in early December 2005, the IRS Special Agent (the "Agent") contacted the custodian of records of Ocean Bank (the "Custodian") via telephone to discuss obtaining a certificate of authenticity for certain documents previously produced by the bank pursuant to a grand jury subpoena.[1] The agent also discussed the potential need for the Custodian to appear and testify at trial, and informed the Custodian that the Government intended to send a trial subpoena for that purpose.

During the same telephone conversation, the Agent asked whether the Custodian would be willing to search for, retrieve, and produce certain records that had not been produced previously. The records pertained to three discrete transactions: a certificate of deposit, a check,

---

[1] The grand jury subpoena, a copy of which is attached to this motion at Exhibit 2, was dated June 30, 2004. Ocean Bank produced documents responsive to the subpoena on or about August 5, 2004 and October 27, 2004.

and a loan payment. In making this request, the Agent did not mention or invoke any form of compulsive process.

Soon after discussing the foregoing items with the Custodian, the Agent sent an 11-page fax to the Custodian (the "IRS Fax," attached as Exhibit 3) on December 9, 2005, which attached a certificate of authenticity for the Custodian's review and signature as well as a trial subpoena commanding the personal appearance of the Custodian at trial. In the cover sheet to the IRS Fax, the Agent also documented her request for the additional records, and wrote "Any information you could provide relative to these items" (i.e., the additional records) "would be greatly appreciated." The Agent's requests (both via telephone and fax) in no way sought to compel production of the additional records via either grand jury subpoena or trial subpoena. Instead, the Agent wrote that she was "hoping" the documents could be provided. In the IRS Fax, the Agent also attached the previously produced bank records that had caused the additional transactions to come to her attention.

In response to the Agent's request, on or about December 16, 2005, Ocean Bank produced to the Government the Documents that the Custodian had been able to find. Sometime after receipt of the Documents, the Agent reviewed them but did not review the cover letter accompanying them (the "Ocean Bank Letter", attached as Exhibit 4).

On February 2, 2006, after the Court's comments during the hearing on January 26, 2006, the Agent, in reviewing her files, read the Ocean Bank Letter. On the "Re:" line of the Ocean Bank Letter, the Custodian wrote "GJ Subpoena Anthony Visone/Visone Corvette of Massachusetts, etc."

Immediately upon discovering the reference to "GJ Subpoena" in the Ocean Bank Letter,

the Agent notified the attorneys for the Government. The attorneys for the Government asked the Agent to send the IRS Fax, the Ocean Bank Letter, and the Documents to them for review.

## II.    Request for Guidance

Upon learning of the reference to the grand jury subpoena in the Ocean Bank Letter, the Government became concerned that the Custodian may have mistakenly believed that she was producing the Documents pursuant to an expired grand jury subpoena. In order to clarify the misunderstanding, the Government contacted the Custodian on February 14, 2006 and notified her that she was under no obligation to supply the Documents. The Government then sent a letter to Ocean Bank documenting that February 14, 2006 conversation. (Attached as Exhibit 5).

The Government further intended to return the Documents to Ocean Bank. Before doing so, however, counsel inquired of the Agent whether her review of the Documents indicated that they might contain exculpatory information. Counsel made that inquiry because in the event the Documents did contain potentially exculpatory information, the Government thought it appropriate to so inform the Defendant and the Court pursuant to the Government's obligations under Federal Rule of Criminal Procedure 16 and/or under Brady v. Maryland, 373 U.S. 83 (1963).

In response, the Agent has advised Government counsel that the Defendant might construe the Documents as containing potentially exculpatory information. Accordingly, before sending the Documents back to the Bank, the Government submits this motion requesting guidance from the Court concerning how to most appropriately address this situation. One possibility would be for either the Government or the Defendant to issue a trial subpoena to Ocean Bank for the records. Because, however, of certain comments that the Court has made

concerning the propriety of utilizing trial subpoenas, the Government did not think it appropriate to do so without first bringing the matter to the Court's attention.

To facilitate the Court's consideration of the foregoing issues, the Government has attached the Documents to this motion (Exhibit 1), which will be distributed to defense counsel upon filing.

### III.    Conclusion

For the reasons set forth above, the Government respectfully requests guidance concerning what, if any, further actions it should take with respect to the Documents.

                                              Respectfully submitted,

                                              DANA BOENTE
                                              Deputy Assistant Attorney General
                                              /s/Del Wright Jr.
                                              Susanne Sachsman
                                              Trial Attorneys
                                              U.S. Department of Justice

Attachments:
       Exhibit 1: The Documents
       Exhibit 2: Grand Jury Subpoena
       Exhibit 3: IRS Fax
       Exhibit 4: Ocean Bank Letter
       Exhibit 5: Letter to Ocean Bank

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically with the Court, and notice of the filing, as well as copies, will be available to all parties once filed.

/s/Del Wright Jr.
Trial Attorney
U.S. Department of Justice