UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | CR. No. 04-10123 (DPW) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY VISONE | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR GUIDANCE
AND DEFENDANT'S MOTION FOR THE GOVERNMENT TO PRODUCE
DISCOVERY AND TO EXCLUDE EVIDENCE**

**I.  Response To Government's Motion For Guidance**

The Government has filed a motion seeking guidance from the Court with respect to what actions it should take with respect to certain documents that a lending institution (Ocean Bank) produced on or about December 16, 2005 pursuant to an expired Grand Jury subpoena issued in June of 2004.

A review of the Government's motion reveals that the Government on June 16, 2004 had subpoenaed certain records from the Ocean Bank.  The subpoena was returnable on June 30, 2004.  Ocean Bank produced the documents responsive to the subpoena on August 5, 2004 and October 27, 2004.[1]

In late November, 2005, the Government notified the Defendant that the Government intended to use at trial documents which it had obtained pursuant to a Grand Jury subpoena served upon the law firm Gallagher and Associates. The documents were produced after the expiration of the Grand Jury.  The Defendant filed a motion to exclude these documents.  Neither the Court nor Defendant's counsel were informed that the

Government was also continuing to seeking additional documents from other entities pursuant to Grand Jury subpoenas that had been issued in the Spring of 2004.   On December 13, 2005 the Court held a hearing at which time it ordered the Government to file an affidavit explaining the circumstances surrounding the production of the documents it had obtained from Gallagher and Associates pursuant to the Grand Jury subpoena.

It appears that while this matter relating to the production of documents from Gallagher and Associates was pending the Government at the same time was attempting to obtain pursuant to expired Grand jury subpoenas documents from other entities.  In its Motion for Guidance the Government states that on December 9, 2005 the Government's agent presumably at the request of Justice Department attorneys contacted the custodian of records at Ocean Bank.  The agent requested that Ocean Bank provide additional records which had not been furnished pursuant to the Grand Jury subpoena (it is questionable whether the subpoena called for production of these additional records).  At the same time as the agent made the request for additional documents the Government served a trial subpoena which did not call for the production of any records.  The trial subpoena was signed by Attorney Del Wright, Jr.   A reasonable inference is that Attorney Wright knew that certain records had been requested and produced.

On December 16, 2005 Ocean Bank sent a letter entitled, "Re GJ Subpoena Anthony Visone/Visone Corvette of Massachusetts, etc." to Agent Lemanski along with copies of the requested documents.

On January 26, 2006 this Court held a hearing on the Defendant's Motion to Exclude Documents which had been obtained by the Government from Gallagher and

---

[1] The Grand Jury Indicted the Defendant on August 25, 2004.

Associates pursuant to the expired Grand Jury Subpoena. At no time during the hearing did the Government inform the Court or the Defendant that it was continuing to obtain records from other entities pursuant to other expired Grand Jury Subpoenas.

The Government in its Motion states, that it was not aware of the reference to "GJ Subpoena" until February 2, 2006. The Government acknowledges that it received the letter referring to the "GJ Subpoena" on or about December 16, 2005 prior to the January hearing on the Gallagher and Associates subpoena. The Government goes on to state that "the Government became concerned that the custodian may have mistakenly believed she was producing the documents pursuant to an expired Grand jury subpoena."[2] It is apparent from the carefully worded letter from the Government to the records custodian of Ocean Bank that Ocean Bank informed the Government that Ocean Bank was producing the records pursuant to the expired Grand Jury subpoena.[3]

Interestingly enough after the Government learned that the bank had furnished these records pursuant to the expired grand jury subpoena it did not notify either this Court or the Defendant that it had obtained additional records pursuant to expired Grand Jury subpoenas. The Government attempts to cover that fact with the disclosure now that these documents might contain exculpatory information.

## II. Defendant's Request For Further Discovery

In view of this conduct by the Government the Defendant would request that the Government furnish to both the Court and the Defendant a list of all documents received

---

[2] The Government is certainly aware that under the privacy act relating to bank documents that the bank cannot produce an individual's bank records upon the request of the Government. Banks require a subpoena or other order from an appropriate person or agency.

[3] The Government states in its February 15, 2006 letter that the bank may have "mistakenly thought" it had to produce the records. It was not a mistake, the Government did not inform the bank that it had no obligation to produce the records or that the subpoena had expired. Any lay person would have thought the subpoena was still valid.

by the Government in this matter subsequent to August 25, 2004.  This list should include

a description of the document, the source, the date received by the Government, whether

the document was produced (or whether the producing party believed) the document was

being produced pursuant to a Grand Jury subpoena, Trial subpoena or otherwise, a copy

of the document, a copy of the subpoena and any correspondence between the

Government and the party producing the document.

**III.  Request That Evidence Be Excluded**

Further the Defendant requests that all records produced subsequent to the

expiration of the Grand Jury on August 25, 2005 be excluded from this matter.

ANTHONY VISONE
By his attorneys,

/s/  **Albert F. Cullen, Jr.**
BBO# 107900
/s/ **Albert F. Cullen, III**
BBO# 561223
60 K Street
Boston, MA
(617) 268-2240


Dated: March 13, 2005

I, Albert F. Cullen, certify that I understand that all counsel will receive electronic
notice of the electronic filing of this pleading.

/s/ ***Albert F. Cullen, Jr.***
Albert F. Cullen, Jr.