UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | CR. No. 04-10123 (DPW) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY VISONE | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR PATERNITY ACTION AT TRIAL**

Now comes the Defendant, Anthony Visone, by and through his undersigned attorney, and hereby moves in limine, pursuant to Fed. R. Evid. 404(b) and 403, that this Honorable Court pursuant to the Court's ruling on March 30, 2005 ("State court judge's finding and conclusions and any reference to paternity will not go before the jury") exclude from trial of this case any reference to "paternity", "the state paternity action" and/or the "finding and conclusions in the state paternity action". (A copy of the Docket setting forth the Court's ruling is attached hereto).

As grounds and reasons therefore, the Defendant states the following:

1. Any mention of the paternity action or the state's rulings in connection therewith should be excluded under Rule 404(b) because the evidence is not relevant to any proper purpose in this matter and would serve only the forbidden purpose of suggesting to the jury that that Defendant Visone had a propensity to avoid his financial obligations and was therefore, guilty of the offenses with which he is now charged.

2. Even if the Court concludes that any such reference to "paternity", the "state paternity action" or the "finding and conclusions in the state paternity action" has sufficient probative value to survive Rule 404(b)'s absolute bar on propensity/bad character evidence, the evidence should nonetheless be excluded because any such probative value would be substantially outweighed by the danger of unfair prejudice to the Defendant's right to a fair trial on the charges now pending.

### I. Factual Background

On March 4, 2005 the Government filed a motion (Notice of Intent to Offer Rule 404(b) Evidence At Trial) seeking to introduce "evidence relating to a paternity lawsuit filed against Defendant Visone in the Probate and Family Court," (Gov't Mot. P. 1). "Specifically the Paternity evidence includes but is not limited to, Judge Judith Nelson Dilday's Findings of Fact and Conclusions of Law . . . and Defendant Visone's deposition and trial testimony," (Gov't Mot. P. 2).

On March 28, 2005 the Defendant filed a motion (Defendant's Opposition To Government's Intent to Offer 404(b) Evidence At Trial) opposing the introduction and use of the Paternity Evidence.) On March 30, 2005 at a hearing on the motions the Court ruled, "State Court judge's finding and conclusions and any reference to paternity will not go before the jury," (Electronic Clerk's Notes for proceedings held on 3/30/05 (see copy of Docket attached hereto).

### II. Conclusion

The Defendant requests an order pursuant to the Court's earlier ruling on Rule 404(b) motions expressly barring the Government from making any reference to "paternity", the Paternity Evidence or the state court's findings of fact and conclusions of law in the trial of this matter.

|  |  |
|---|---|
|  | ANTHONY VISONE<br>By his attorney,<br><br>/s/ *Albert F. Cullen, Jr.*<br>BBO# 107900<br>60 K Street<br>Boston, MA |
| Dated: April 24, 2006 | (617) 268-2240 |

I, Albert F. Cullen, certify that I understand that all counsel will receive electronic notice of the electronic filing of this pleading.

/s/ ***Albert F. Cullen, Jr.***
Albert F. Cullen, Jr.