JURY INSTRUCTION NO. 1

The indictment charges the defendant with filing a false or fraudulent income tax return.  The indictment alleges that the defendant violated Section 7206(1) of Title 26 of the United States Code which provides that:

> Any person who willfully makes and subscribes any return, statement or other document which contains or is verified by a written declaration that it is made under the penalties of perjury and which he does not believe to be true and correct as to every material matter shall be guilty of a crime.

In order to prove the defendant guilty of the offense charged in the indictment the government must prove each of the following elements beyond a reasonable doubt.

1.) The defendant signed and filed a Federal Income Tax Return containing a written declaration that it was being signed under the penalty of perjury;

2.) That the defendant in this return falsely understated his gross income;

3.) That the defendant knew that this statement was false;

4.) That the defendant willfully made this statement with the intention of violating his duty under the tax laws and not as a result of accident, negligence or inadvertence.

JURY INSTRUCTION NO. 2

      A material matter is a matter that is essential to an accurate determination of the defendant's tax liability or effects or influences the Internal Revenue Service in carrying out the functions committed to it by law.  A return that omits material items necessary to the computation of taxable income is not true and correct.  In general to be material the statement must have a natural tendency to influence or be capable of influencing the Internal Revenue Service's decision, the Internal Revenue Service's calculation of tax due and payable.  <u>United States v. Dirico</u>, 78 F. 3d 732, 735-36 (1st Cir. 1996).

JURY INSTRUCTION NO. 3

The proliferation of statutes and regulations has at times made it difficult for the average citizen to know and comprehend the extent of his duties and obligations imposed by the tax law.  Thus the term "willfully" as used in my instructions to you means "an act done with a bad purpose" or with "an evil motive".  It is not intended that a person by reason of a bona fide misunderstanding as to his liability for the tax should be regarded as violating a criminal statute.  If you find that the defendant did not report certain income based on his good faith belief that he did not have to report the income, then the government has failed to prove beyond a reasonable doubt that the defendant acted willfully.  The government is required to prove that the law imposed a duty on the defendant that the defendant knew of this duty and that the defendant voluntarily and intentionally violated that duty, <u>Cheek v. United States</u>, 498 U.S. 192 (S. Ct 1991).

JURY INSTRUCTION NO. 4

      That if the defendant signed his tax return believing that the return complied with the requirement of the tax code then it cannot be found that defendant had the necessary intent to commit a crime. Good faith on the part of the defendant is a complete defense to the charge of willfully filing a false tax return, *Id*.

JURY INSTRUCTION NO. 5

  If you find that the defendant in this case believed that his corporation did not have earnings and profits and thus the money defendant received from the corporation was a return of the capital defendant invested then defendant is not guilty of the crime charged since the government has not proven beyond a reasonable doubt that defendant willfully made a false statement on his return, <u>United States v. D'Agostino</u>, 145 F. 3rd 69 (2d Cir. 1998).

## JURY INSTRUCTION NO. 6

  The government must also prove that the defendant did not believe his tax return to be true and correct as to the amount of gross income reported.

JURY INSTRUCTION NO. 7

These instructions are about the law you must apply. I do not mean any of my instructions to be under stood by you as I comment by me on the facts or on the evidence in this case. The government has the burden of proving beyond a reasonable doubt that the defendant is guilty of the crime with which he is charged. Remember that the government always bears the burden of proof it never shifts to the defendant. It is for you to decide based on the evidence presented whether the government has met that burden. (*Instructions Nos. 7 through 20 are adapted from the Pattern Jury Instructions for the First Circuit.*)

JURY INSTRUCTION NO. 8

You took an oath to follow the instructions about the law you must apply. Even if you disagree with some of the rules of law that I give you or don't understand the reasons for them you are bound to follow them as jurors in this case. This is a fundamental part of our system of justice. You have the responsibility for deciding the facts of this case but you must follow the law as I give it to you.

JURY INSTRUCTION NO. 9

       To the extent I say something differently from what the attorney said or a witness said  you must follow my instructions of law not the attorneys' or the witnesses'.

JURY INSTRUCTION NO. 10

I am not the judge of the facts I have no opinion as to the appropriate outcome of this case. You should disregard any facial expressions you think I may have made and if I state the evidence differently than you remember it you must disregard my memory of the evidence. It is your collective memory that governs not mine and not any of the attorneys.

JURY INSTRUCTION NO. 11

Your function is to determine the facts. You are the sole and exclusive judge's of the facts. You decide the weight, effect and value of the evidence. You also decide the credibility of the witnesses. Once you determine the facts it is your duty to apply those facts to the law as I will explain it to you. You decide whether the Defendant is guilty of the charges that the United States has brought against him.

You must determine the facts without prejudice, fear, favor, bias, or sympathy. You also may not consider any personal feelings that you may have about the race, religion, national origin, sex, age, or occupation of the defendant or any witness who testified during the trial. You must determine the facts solely from a fair consideration of the evidence without fear, favor, prejudice, bias, or sympathy.

You must not decide the case based on what you may have heard or read outside the courtroom. You cannot speculate or guess as to what may or may not have happened. You cannot allow yourself to be influenced by your view of the nature of the crime with which the defendant has been charged. You must confine your deliberations to the evidence and nothing but the evidence. The issue before you is not whether you are for or against the crimes which have been charged the issue is whether the government has proven beyond a reasonable doubt that the defendant is guilty of the crimes with which he is charged.

JURY INSTRUCTION NO.12

You should not be influenced by the fact that the Internal Revenue Service or the United States of America has brought this case. All parties, whether it be the internal revenue Service, the government or the defendant stand as equals before the court. So when you go back to the jury room the question must never be will the government win or lose this case or what effect will it have on the Internal Revenue Service. The question must be whether the charges have been proven beyond a reasonable doubt.

JURY INSTRUCTION NO.13

The evidence consist of the sworn testimony of the witnesses all exhibits which were received into evidence and any stipulations that the parties entered into. The evidence does not include any chalks or charts or items that were marked for identification. Opening statements and closing arguments made by the lawyers are not evidence. Questions which are not answered or as to which objections were sustained or where the answer was stricken are not evidence. If the witness didn't answer because I sustained an objection, don't try and guess or speculate what the answer would have been. You should not talk about any question to which I sustained an objection or any evidence that I struck.

JURY INSTRUCTION NO. 14

During the trial you heard the lawyers make objections to certain questions or move to strike certain testimony. That is his/her job. It is their job to object when they believe the answer may not be admissible or the question was improper. You should never hold it against a lawyer or the side the lawyer is representing when they make an objection.

JURY INSTRUCTION NO. 15

You may have taken notes during the trial. Some of you may have taken extensive notes others may have taken substantially less. The notes are only meant as an aid to your memory. If your memory differs from your notes you should rely on your memory and not on your notes. Maybe you took it down incorrectly or it was incomplete. The notes themselves are not evidence. If you have not taken notes or taken only partial notes you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of the juror about the evidence.

JURY INSTRUCTION NO. 16

The defendant is presumed to be innocent by law.  This presumption of innocence stays with the defendant throughout the trial.  It cannot be overcome until the United States introduces evidence during the trial and convinces you beyond a reasonable doubt that the defendant is guilty with respect to each and every element of the offense with which he has been charged.  The presumption of innocence alone is a sufficient basis for you to acquit a defendant unless you are satisfied that the government has proven his guilt beyond a reasonable doubt.

The United States has the burden of proving beyond a reasonable doubt that the defendant is guilty of the crimes charged in the indictment.  The burden of proof rests on the United States and never shifts to the defendant.  A defendant is not required to prove anything to you or present any evidence.  Because of the constitutional right of the presumption of innocence the government has the burden of proof of every essential element of the crimes charged.

JURY INSTRUCTION NO.17

Reasonable doubt is a doubt based on reason and common sense. The law does not require the government to prove guilt beyond all possible doubt. Little in life can be proven to an absolute certainty. But the law does require that the government prove each of the elements of the crime charged beyond a reasonable doubt. It is not sufficient for the government to establish a probability, though a strong one, that an element of a crime charged is more likely to be true than not true. A probability even a strong one is not enough to meet the government's heavy burden of proof beyond a reasonable doubt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. If after fair and impartial consideration of all of the evidence you are satisfied that the government has proven each element of the charge beyond a reasonable doubt you should vote to convict on that charge. On the other hand if after a fair and impartial consideration of all of the evidence you have a reasonable doubt as to the charge or an element of that charge against the defendant it is your duty to acquit the defendant on that charge.

It is not necessary for you to conclude that the defendant is innocent in order to return a "not guilty" verdict. A "not guilty" verdict only means that the prosecution has not met its burden of proving the defendant guilty beyond a reasonable doubt.

JURY INSTRUCTION NO. 18

You have heard the testimony of Internal revenue Service Agents in this case. The fact that a witness is employed by the Internal Revenue Service or by the Federal government does not mean that his/her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is your decision to decide what weight if any to give the testimony of the Internal Revenue Service or government agent after reviewing all the evidence.

JURY INSTRUCTION NO. 19

      Certain witnesses were permitted to give specialized or expert testimony.  You have heard testimony from accountants and Internal Revenue Service agents regarding the significance of certain evidence.  An expert is allowed to express his/her opinion on those matters about which he or she has special knowledge or training.  The so called "expert testimony" is presented to you on the theory that someone whose experienced in the accounting area and has had specialized training and experience can assist you in understanding the evidence and in reaching an independent decision on the facts.  In weighing an expert's testimony you may consider the expert's qualifications, his/her opinions or reasons for testifying as well as all of the other considerations that would ordinarily apply when you are deciding whether or not to believe a witnesses' testimony.  You may give the expert witnesses testimony as much weight or no weight you find it deserves in light of all the evidence in this case.  You should not, however, except a witnesses testimony merely because his testimony has been admitted as expert testimony.  You should not substitute the expert's testimony for your own, reason, judgment and common sense.  You are the judges of the facts and the determination of the facts is solely your responsibility.

JURY INSTRUCTION NO. 20

The question of possible punishment of a defendant is of no concern to the jury and should not in any case enter into or influence your deliberations. If the defendant is convicted the duty of imposing a sentence and deciding what an appropriate sentence is rests exclusively with me, the court. You cannot allow a consideration of what punishment may be imposed to influence your verdict in any way or to enter into your deliberations in any sense.