UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | CR. No. 04-10123 (DPW) |
| ) | |
| v. ) | |
| ) | |
| ANTHONY VISONE ) | |
| ) | |
| Defendant ) | |
| ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S INTENT
TO OFFER 404(b) EVIDENCE AT TRIAL**

**I. Introduction**

The Defendant, Anthony Visone, is charged with subscribing to false tax returns in violation of 26 U.S.C. Sec. 7206(1). Specifically the Indictment charges that Defendant Visone did willfully subscribe to individual income tax returns for years 1996 and 1997 that he did not believe to be true and correct as to every material matter in that the returns reported total income of $56,319 and $4,887, respectively.

On December 8, 2005 the Government via facsimile served on Defendant's attorney notice under the section entitled, **404(b) NOTICE** that the Government intends "to introduce evidence which relates to the fact that the Defendant issued paychecks to some employees that purported to withhold payroll taxes. However the Defendant failed to pay over to the IRS amounts that he was purporting to withhold. The Defendant stated that he did this as a way to save money. Furthermore the Government notifies you of its intent to introduce evidence of the numerous lawsuits against the Defendant."

**II. Government's 404(b) Notice Is In Violation of Local Rule 117.1 (A) (4)**

Local Rule 117.1(B) states, "the government [must] disclose to the Defendant no later than twenty-one (21) days before the trial date: (b) A general description (*including the approximate, date, time and place*) (emphasis added) of any crime, wrong, or act the government proposes to offer pursuant to Fed. R. Evid. 404(b)." The Government's description offered in the present case does not conform to the rule since it offers no date, time or place for any of the alleged acts. For this reason the Defendant would request that the 404(b) evidence the government now seeks to offer be excluded.

**III. Extrinsic Act Evidence Subject To Two-Prong Test Under Rules 404(b) and Rule 403.**

"The First Circuit is no stranger to the problems surrounding the admissability of extrinsic act evidence under Rule 404(b)," *US v. Aguilar-Aranceta*, 58 F. 3d 796, 798 (1st Cir. 1995). "We have adopted a two-part test to determine the admissability of such evidence. First, the trial judge must determine whether the evidence in question is offered for any purpose other than solely to prove the defendant had a propensity to commit the crime in question. That is, the judge must determine whether the evidence has some "special" probative value. Prior bad acts may be "specially relevant" if they are probative of motive, opportunity, intent, preparation, plan or knowledge, identity, or absence of mistake or accident. If the judge is satisfied that the proffered evidence has "special relevance," the focus shifts to the second part of the test, which applies Rule 403 to determine whether the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice," *Id* at 798.

In applying the "specially relevant" prong of the test, The *Aguilar-Aranceta* Court cautioned, "There is, however, a danger that the supposed inferences to knowledge [of a criminal act] will be obscured by the forbidden inference to propensity, particularly in cases in which the theory of knowledge is the probability that the defendant would have obtained knowledge in the course of repetitive involvement in criminal conduct," *Id* at 799.  This is exactly what the Government is using the alleged 404(b) evidence to demonstrate.  The Government is attempting to show that Defendant attempted to defraud the IRS by failing to pay payroll taxes.  Defendant Visone then repeated this criminal conduct in connection with his 1996 and 1997 tax returns.  This inference to propensity is forbidden under Rule 404(b).

 "It is, therefore, important to explain what inferences are impermissible," *Id* at 799.  "It is impermissible to suggest that a defendant's prior conviction for possession of cocaine somehow makes her more likely to have acted in a similar manner in the context of the present possession charges.   Similarly, a prosecutor may not argue that the defendant's prior conviction for a drug offense demonstrates her propensity for involvement in drug trafficking," *Id* at 799.

In the present case the Government's notice asserts that Defendant Visone's allegedly failed to pay payroll taxes (although the Government's motion cites no evidence).  Under *Aguilar-Araneta* it is impermissible for the Government to argue that his alleged failure to pay payroll taxes somehow makes him more likely to have acted in a similar manner in the context of the present charges.  The Government may not argue that the Defendant's prior practices demonstrate his propensity for making false statements.

**IV.  Use of 404(b) Evidence To Prove Motive**

The Government in its notice states that "These actions [failure to pay payroll taxes] are evidence of Defendants motive, intent and absence of mistake or accident."  In connection with the lawsuits against Defendant the notice states, "it shows the Defendant's motive to conceal his income and assets."

"When prior bad act evidence is offered to prove a motive for the crime, courts must be on guard to prevent the motive label from being used to smuggle forbidden evidence of propensity to the jury," *US v. Varoudakis*, 233 F.3d 113, 120.  In *Varoudakis* the defendant was charged with arson of his nightclub/restaurant.  The government argued that the defendant's commission of a car fire in response to financial stress made it more likely that the defendant committed the restaurant arson in response to financial stress," *Id* at 120.  The Court in ruling the evidence of a previous uncharged arson was inadmissible stated, "This is the type of character and propensity evidence prohibited by Rule 404(b)," *Id* at 120.

"Unlike knowledge and intent, motive is not an element of the crime that the government must prove.  For that reason proof of motive must be offered to show some other element, for example, that the crime was committed, the identity of the accused or the accused's requisite mental state.  That is the problem here.  As proof of motive, the car fire testimony is offered as circumstantial evidence that Varoudakis committed the Destinations fire.  It involves an inference of propensity as a necessary link in the inferential chain.  Contrast this forbidden inference with the permissible inference to be drawn in a case which the prior bad act--say, a botched robbery by the defendant that was frustrated by the ineptitude of his cohort--provide the motive for the defendant's

4

subsequent assault on his cohort. There the prior bad act would provide circumstantial evidence of the commission of the assault without the involvement of any propensity inference," *Id* at 120.

In the present case, like *Varoudakis*, the Government is using the alleged payroll tax evidence and lawsuits (although not a single lawsuit is cited by the Government in which the Defendant is named personally) as circumstantial evidence that Defendant Visone committed the offenses alleged in the present matter. The Government is attempting to use these alleged acts to draw an inference of propensity. That is the Defendant Visone was willing to withhold payroll payments to the IRS therefore he would be willing to falsify his tax returns in the present matter. The lawsuit inference is even more of a reach. The Defendant has a number of pending lawsuits (the Government does not address the fact that Defendant may prevail in some or all of these lawsuits) therefore he must be concealing "his income and assets". Numerous of individuals and entities are involved in lawsuits. The Government's position is apparently anyone who is a defendant in more than one lawsuit automatically conceals his/her/its "income and assets." The use of this evidence for this purpose is prohibited under Rule 404(b) as set forth in *Varoudakis*.

### V. Use of 404(b) Evidence to Prove Intent

The Government also asserts that the alleged failure to pay payroll taxes is admissible to prove intent. In *United States v. Garcia -Rosa*, 876 F.2d 209 (1st Cir. 1989) the government attempted to use 404(b) evidence to impute knowledge to the defendants. Specifically, one defendant lent a co-defendant money. The defendant lending the money had a subsequent conviction for possession of cocaine. The government attempted to

5

show that the defendant's subsequent possession conviction proved that the defendant knew his previous loan was for the purchase of drugs. In holding the subsequent possession charge was inadmissible under 404(b) the Court held, "We fail to understand how the jury could make the inference that it requires--that possession of cocaine at one point subsequent implies possession of cocaine nineteen months earlier--without relying on an assessment of the defendant's character. Even if the bad act in question *had occurred prior* (emphasis added) to the incident for which the defendant was charged, we think the inference that the defendant's familiarity with cocaine would imply why his co-defendant sought to borrow money from him, is so attenuated that this inferential chain cannot justify the admission of the evidence under Rule 404(b), *Id* at 221. The Government fails to allege when the failure to withhold taxes actually occurred. However Defendant Visone's 1996 and 1997 tax returns were not related to the Defendant's business federal tax withholding requirements. Thereby to assert that Defendant Visone knew or intended to make false statements in his 1996 and 1997 tax returns as a result of his alleged failure to pay payroll taxes is also so attenuated that the inferential chain cannot justify the admission of the evidence under Rule 404(b). Defendant's knowledge or intent with respect to said tax returns was totally unrelated to the business' withholding of taxes. "We urge the government and the district court to be careful as to the admission of [extrinsic act evidence]. While admissible in some circumstances, it is by no means a routine exercise and should not be accepted unless the government articulates with suitable precision the 'special' ground for doing so, " *Id* at 221. In the present case the Government has failed to articulate with suitable precision

6

the "special" grounds necessary to admit the payroll tax evidence and the evidence of lawsuits under Rule 404(b).

## VI. The Evidence Offered By The Government Is Overly Prejudicial Under Rule 403

Even if the Court were to conclude the payroll evidence and evidence of lawsuits is somehow admissible under Rule 404(b) the evidence would not be admissible under Rule 403. Under the two prong test set forth above in addition to having "special relevance" the probative value of the evidence must substantially outweigh the danger of unfair prejudice. Referring to *United States v. Aguilar-Araneta* cited above the Court held that the defendant's prior conviction for possession of cocaine was inadmissible under Rule 403 in *Aguilar-Araneta's* present trial for possession of cocaine with intent to distribute. "The tenets of Rule 403 balancing are familiar and often quoted, "If the evidence brings unwanted baggage, say, unfair prejudice or a cognizable risk of confusing the jury, and if the baggage's weight substantially over balances any probative value, then the evidence must be excluded," *Id* at 800. "Against the marginal relevance of the prior conviction evidence, we weigh the danger that it unfairly prejudiced the jury. Here, we cannot escape the conclusion that the most powerful inference that the jury was likely to make from the prior conviction is also the forbidden one: that because she was previously convicted under nearly identical circumstances, she must be guilty here. The specter of impermissible character evidence is likely to have significantly overshadowed any legitimate probative value," *Id* at 801. In the present matter the Government is seeking to introduce the payroll tax evidence for the exact reason that Rule 403 prohibits its introduction. Specifically, because Defendant Visone allegedly failed to make federal

payroll tax payments in the past, Defendant Visone must be guilty of making false statements in the unrelated present matter. Again the lawsuit evidence is more of a stretch. Since Defendant Visone is a party in numerous lawsuits he must be guilty of making false statements in the present totally unrelated matter.

"The gravity of the unfair prejudice is even more apparent when one considers that the prior conviction was not merely one part of the government's attempt to establish Aguilar-Aranceta's state of mind. It was the entire case," *Id* at 801. Similarly, the Government in the present case appears to be relying solely and entirely on the payroll evidence and evidence of lawsuits to establish Defendant's Visone's state of mind. The marginal probative value of the evidence coupled with the scarcity of the other evidence relating to the Defendant's state of mind, creates an unacceptable risk that the jury would assume that the Defendant had a propensity for making false statements and convict on that basis alone, *Id* at 801.

In addition to unfair prejudice the Court must also examine whether admission of the extrinsic evidence will create a confusion of the issues and mislead the jury. The tax returns in question were filed separate from the payroll taxes and the other lawsuits. One issue has nothing to do with the other. As such the jury can only be confused by the introduction of the payroll taxes and other lawsuits. Also introduction of the payroll taxes will only mislead the jury. To attempt to show that the Defendant Visone allegedly made false statements in connection with payroll taxes will mislead the jury into thinking that he makes false statements with regard to other amounts he may owe. This is also impermissible under Rule 403.

## VII. Evidence Not Intrinsic Act Evidence

The Government also argues that the payroll evidence and the evidence of additional lawsuits should be admissible because the evidence is intrinsic and therefore not governed by Rule 404(b). The Government however makes no showing that the evidence is intrinsic.

"Rule 404(b) interposes no absolute bar to circumstantial evidence *intrinsic to the crime for which the defendant is on trial* (emphasis added), *United States v. Tutiven*, 40 F. 3d 1, 10 (1st Cir. 1994). Defendant Visone is not being charged with anything related to payroll taxes. Furthermore this criminal action bears no relation to any other legal proceedings in which Defendant Visone may be a party. Since the Government fails to specify a date, time or place with regard to the payroll taxes and other lawsuits the tax returns in question may not have existed at the time of the payroll tax allegations or other lawsuits . For these reasons the payroll tax allegations and other lawsuits are extrinsic to the present matter for which Defendant Visone is now on trial.

In the event that the Court should find that the payroll tax and other lawsuit evidence are not subject to Rule 404(b) analysis, the admissibility of intrinsic evidence is still subject to Rule 403 analysis. That is whether the intrinsic evidence probative value is substantially outweighed by the danger of the evidence's unfair prejudice. For the reasons set forth above the payroll tax evidence and the evidence of other lawsuits would be highly prejudicial to the Defendant Visone.

## VIII. Conclusion

The payroll tax allegations and the evidence of other lawsuits that the Government is seeking to admit are being offered simply to demonstrate a propensity by

9

Defendant Visone to make false statements. The payroll tax allegations and evidence of other lawsuits has no special relevance to the motive, the knowledge or the intent of Defendant Visone in the present matter.   For these reasons the payroll tax allegations and evidence of other lawsuits e should be excluded under Rule 404(b) of the Federal Rules of Criminal Procedure.

The payroll tax allegations and evidence of other lawsuits is clearly extrinsic evidence as both involve unrelated civil matters.  As such the payroll tax allegations and evidence of other lawsuits is subject to Rule 404(b) analysis.  Even in the event that the payroll tax allegations or the evidence of other lawsuits is either admissible under Rule 404(b) or not subject to Rule 404(b) the evidence is inadmissible under Rule 403.  The prejudice of the payroll tax allegations and evidence of other lawsuits far outweighs the evidence's probative value.  In addition the evidence would only serve to both confuse and mislead the jury.

For these reasons Defendant Visone requests that the Court issue an order prohibiting the Government from introducing the payroll tax allegations and evidence of other lawsuits under Federal Rules of Criminal Procedure 403 and 404(b).

                **ANTHONY VISONE**
                By his attorney,

                /s/  *Albert F. Cullen, Jr.*
                BBO# 107900
                60 K Street
                Boston, MA
                (617) 268-2240

Dated: April 24, 2006

I, Albert F. Cullen, certify that I understand that all counsel will receive electronic notice of the electronic filing of this pleading.
                /s/ ***Albert F. Cullen, Jr.***
                Albert F. Cullen, Jr.

Case 1:04-cr-10123-DPW   Document 55   Filed 04/24/2006   Page 11 of 11