UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 04-10123 (DPW) |
| v. | ) | Judge Douglas P. Woodlock |
| | ) | |
| ANTHONY VISONE | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim P. 30, the United States, by and through its attorney, hereby

requests that the Court charge the jury in this case in accordance with the following First Circuit

Pattern Jury Instructions:

> 2.01 "Stipulations";
> 2.02 "Impeachment by Prior Inconsistent Statements" (if appropriate);
> 2.03 "Impeachment of Witness Testimony by Prior Conviction" (if appropriate);
> 2.05 "Evidence of Defendant's Prior Similar Acts" (if appropriate);
> 2.06 "Weighting the Testimony of an Expert Witness";
> 2.08 "Use of Tapes and Transcripts" (if appropriate);
> 2.10 "Statements by Defendant";
> 2.13 "Definition of 'Knowingly'";
> 3.01 "Duty of the Jury to Find Facts and Follow Law";
> 3.02 "Presumption of Innocence; Proof Beyond a Reasonable Doubt;
> 3.03 "Defendant's Constitutional Right Not to Testify" (if appropriate);
> 3.04 "What is Evidence: Inferences";
> 3.05 "Kinds of Evidence: Direct and Circumstantial";
> 3.06 "Credibility of Witnesses";
> 3.08 "What is Not Evidence";
> 4.27 "False Statement on Income Tax Return" (written out below);
> 6.01 "Foreperson's Role; Unanimity";
> 6.02 "Consideration of Evidence";
> 6.03 "Reaching Agreement";
> 6.04 "Return of Verdict Form";
> 6.05 "Communications with the Court."

The United States also requests that the Court include in its charge to the jury the

attached instructions.   The United States reserves the right to supplement, modify, or withdraw

these requests for instructions in light of the further requests for instruction, if any, filed by the

defendant and the evidence in this case.

                                     Respectfully submitted,

                                     DANA J. BOENTE
                                     DEPUTY ASSISTANT ATTORNEY GENERAL


                                     /s/ SUSANNE E. SACHSMAN
                                     DEL WRIGHT JR.
                                     Trial Attorneys
                                     Department of Justice
                                     Tax Division

Table of Contents

| Instruction Number | Title | Page |
|---|---|---|
| 1 | The Indictment - Generally | 1 |
| 2 | Statutory Purpose | 2 |
| 3 | Nature of the Offense Charged -- Title 26 U.S.C. § 7206(1) | 3 |
| 4 | Statutory Offense -- Title 26 U.S.C. § 7206(1) | 4 |
| 5 | Elements of Offense | 5 |
| 6 | Subscribed -- Defined | 6 |
| 7 | Fraud or Fraudulent – Defined | 7 |
| 8 | Willfulness – Defined, Proof | 8 |
| 9 | Mistake and Good Faith Misunderstanding | 10 |
| 10 | Punishment | 12 |
| 11 | "On or About" -- Dates | 13 |
| 12 | Gross Income | 14 |
| 13 | Loans | 15 |
| 14 | Cancellation of Debt | 16 |
| 15 | Corporate Diversions | 17 |
| 16 | Corporate Distributions, Return of Capital | 18 |
| 17 | Charts and Summaries – Not Admitted Into Evidence | 19 |
| 18 | Charts and Summaries – Admitted Into Evidence | 21 |

**<u>Instruction No. 1</u>**
**<u>The Indictment - Generally</u>**

ANTHONY VISONE is charged in an Indictment.  As I told you before, the Indictment

is not evidence against ANTHONY VISONE.  It is simply the formal method that our

Constitution provides for charging someone with the commission of a crime.

---

Adapted from 1A <u>Federal Jury Practice And Instructions</u> §13.04 "The Indictment is Not
Evidence" (5th ed. 2000).  <u>See</u>, 1 L.B. Sand et al., <u>Modern Federal Jury Instructions</u>, No. 3-1
(1996); <u>see</u> <u>also</u>,  <u>United States v. Maine Lobster Co., Inc.</u>, 557 F.2d 905 (1st Cir.), <u>cert</u>. <u>denied</u>,
434 U.S. 862 (1977).

**Instruction No. 2**
**Statutory Purpose**

The system of tax collection in the United States relies upon the honesty of taxpayers.

The government needs taxpayers to report timely, completely, and honestly all of their income,

so that taxpayers can determine, and the government can collect, the correct amount of taxes due.

Congress, therefore, has made it a criminal offense for a taxpayer to file a false income tax

return.

---

3 L.B. Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction Number 59-2 (1996).

**Instruction No. 3**
**The Nature of the Offense Charged-- Title 26 U.S.C. §7206(1)**

Counts One and Two of the Indictment charge that Defendant ANTHONY VISONE

willfully made and signed two tax returns that he did not believe to be true and correct as to

every material matter and which contained or were verified by written declarations that they

were made under the penalty of perjury.

_____

26 U.S.C. §7206(1); 2B <u>Federal Jury Practice and Instructions</u> §67.13 (5th ed. 2000).

## **Instruction No. 4**
## **Statutory Offense  -- Title 26 U.S.C. §7206(1)**

Section 7206(1) of the Internal Revenue Code provides, in part, as follows:

> "Any person who -- * * * [w]illfully makes and subscribes any return, statement, or other
>
> document, which contains or is verified by a written declaration that it is made under the
>
> penalties of perjury, and which he does not believe to be true and correct as to every
>
> material matter" shall be guilty of an offense against the laws of the United States.

――――――――――

26 U.S.C. §7206(1); 2B Federal Jury Practice and Instructions §67.14 (5th ed. 2000).

4

**Instruction No. 5**
**Elements-- Title 26 U.S.C. §7206(1)**

ANTHONY VISONE is charged with willfully filing false federal income tax returns.

For you to find ANTHONY VISONE guilty of each of these charges, the government must

prove each of the following things beyond a reasonable doubt for each count:

First:     that ANTHONY VISONE signed a federal income tax return containing a
          written declaration that it was being signed under the penalties of perjury;

Second:   that ANTHONY VISONE did not believe that every material matter in the
          return was true and correct; and

Third:     that ANTHONY VISONE willfully made the false statement with the
          intent of violating his duty under the tax laws and not as a result of
          accident, negligence or inadvertence.

A "material" matter is one that is likely to affect the calculation of tax due and payable,

or to affect or influence the IRS in carrying out the functions committed to it by law, such as

monitoring and verifying tax liability.  A return that omits material items necessary to the

computation of taxable income is not true and correct.

_____

Pattern Criminal Jury Instructions for the First Circuit, Instruction 4.27.

**Instruction No. 6**
**Subscribed -- Defined**
**Proof of Signing of a Tax Return**

The word "subscribe" simply means the signing of one's name to a document.  The fact

that an individual's name is signed to a return is prima facie evidence for all purposes that the

return was actually signed by him.  In other words, you may infer and find that a tax return was,

in fact, signed by the person whose name appears to be signed to it.  You are not required,

however, to accept any such inference or make any such finding.  If you find beyond a

reasonable doubt from the evidence that Defendant ANTHONY VISONE signed the tax return

in question, then you may also draw the inference and may also find, but are not required to find,

that Defendant ANTHONY VISONE knew of the contents of the return that he signed.

-----------------

2B Federal Jury Practice and Instructions §67.22 (5th ed. 2000); Title 26, U.S.C. § 6064; United States v. Olbres, 61 F.3d 967, 971 (1st Cir. 1995);  United States v. Romanow, 509 F.2d 26, 27 (1st Cir. 1975);  Cashio v. United States, 420 F.2d 1132, 1135 (5th Cir. 1969), cert. denied, 397 U.S. 1007 (1970); United States v. Wainwright, 413 F.2d 796, 802 n.3 (10th Cir. 1969), cert. denied, 396 U.S. 1009 (1970); United States v. Carrodeguas, 747 F.2d 1390, 1396 (11th Cir. 1982), cert. denied, 474 U.S. 816 (1985).

**Instruction No. 7**
**False, Fraudulent Defined**

The Government is entitled to a true and complete tax return. A return is "false" if it is untrue. It is "fraudulent" if it is known to be untrue, and is made with the intent to deceive the Government. The Government is not required to prove that the false or fraudulent fact actually influenced or deceived anyone. Moreover, the Government is not required to prove that the return at issue was false by any specific amount.

_____

Adapted from 2B <u>Federal Jury Practice and Instructions</u> §16.08 (5th ed. 2000).

## Instruction No. 8
## "Willfulness" Defined; Proof

Another element you must find beyond a reasonable doubt is that the defendant acted willfully and knowingly.  In other words, you must find that the defendant acted deliberately, consciously and voluntarily, and not merely by accident or through negligence or inadvertence.

Thus, you must find that the defendant intended to subscribe and file false tax returns with knowledge of their falsity, or knowingly committed an act or acts that furthered the false filings.  It is not necessary to show that the defendant knew that he was violating any particular law.  It is sufficient if you are convinced beyond a reasonable doubt that the defendant was aware of the general unlawful nature of his acts.

Willfulness ordinarily may not be proved directly, because there is no way of knowing the inner workings of the defendant's mind.  But you may infer the willfulness or intent of a defendant from the surrounding circumstances.  The government is not required to prove ANTHONY VISONE'S state of mind with direct evidence.  The government may prove ANTHONY VISONE'S willfulness or intent with circumstantial evidence alone.  In making your determination with respect to willfulness, you may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Willfulness may be inferred from any conduct the likely effect of which would be to mislead or to conceal.  For instance, it may be inferred from conduct such as concealment of assets, covering up sources of income, or the handling of one's affairs to avoid making the records usual in transactions of the kind.

8

I give you these instances simply to illustrate the type of conduct which you may consider in determining the issue of willfulness. I do not by this instruction mean to imply that ANTHONY VISONE engaged in any such conduct. It is for you as the trier of fact to make that determination, and to determine whether or not the defendants acted willfully.

Finally, you are instructed that although the Government must prove that the defendant acted willfully, the Government is not required to prove that the defendant acted with a bad purpose or evil motive. This is because intent and motive are different concepts that should never be confused. Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done.

Personal advancement and financial gain, for example, are two well-recognized motives for human conduct. These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another to voluntary acts of crime. Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant, therefore, is immaterial except insofar as the evidence of motive may aid in the determination of the defendant's willfulness or intent.

--------------

Adapted from: Pattern Criminal Jury Instructions for the First Circuit, Instruction 4.27, 4.25; 2B Federal Jury Practice and Instructions §67.20 (5th ed. 2000); Cheek v. United States, 498 U.S. 192 (1991); United States v. Conforte, 624 F.2d 869, 875 (9th Cir.), cert. denied, 449 U.S. 1012 (1980); United States v. Walker, 896 F.2d 295, 297-98 (8th Cir. 1990); United States v. Pomponio, 429 U.S. 10, 12 (1976); United States v. Powell, 955 F.2d 1206, 1210 (9th Cir. 1992).

9

**Instruction No. 9**
**[IF APPROPRIATE]**
**Mistake and Good Faith Misunderstanding**

A defendant's conduct is not willful if he or she acted through mistake or due to a good faith misunderstanding of the law. Thus, if you find that ANTHONY VISONE had a good faith misunderstanding of the law or believed in good faith that he had done all that the law required, you may not find that he acted willfully and you must acquit him. A good faith belief is one which is honestly and genuinely held.

It is for you to decide whether ANTHONY VISONE acted in good faith. In making the determination, you are entitled to consider all of the evidence received in this case which bears on his state of mind. You may also consider the reasonableness of ANTHONY VISONE'S asserted beliefs in determining whether those beliefs were honestly or genuinely held. The reasonableness of a belief is a factor for you to consider in determining whether a defendant actually held a belief and acted upon it. The more farfetched a belief is, the less likely it is that a person actually held or would act upon that belief.

In considering a defendant's asserted good faith misunderstanding of the law, you must make your decision based upon what that defendant actually believed and not upon what you or someone else may believe or think that the defendant ought to have believed. If you find that the defendant's beliefs were unreasonable, but held in good faith, you may not find him guilty simply because you think his beliefs were unreasonable.

It must be understood, however, that a defendant's <u>disagreement</u> with the law -- no matter how earnestly held -- does not constitute a defense of good faith misunderstanding or mistake to a charge of filing a false tax return. It is the duty of all citizens to obey the tax laws, whether

they agree with them or not.  Similarly, it is not a defense that a defendant thinks or is of the

opinion that the tax laws are unconstitutional.

---

Adapted from 1A <u>Federal Jury Practice and Instructions</u> §19.06 (5th ed. 2000); <u>United States v. Hilgeford</u>, 7 F.3d 1340, 1343, fn1 (7th Cir. 1993); <u>United States v. Grunewald</u>, 987 F.2d 531, 535-36 (8th Cir. 1993); <u>Cheek v. United States</u>, 498 U.S. 192, 201 (1991).

## Instruction No. 10
### Punishment

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively with the Court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or, in any sense, enter into your deliberations.

_____

1 L.B. Sand et al., Modern Federal Jury Instructions, Instruction No. 9-1 (1993).

12

**Instruction No. 11**
**"On or About"**

The Indictment alleges that certain acts occurred on or about certain dates. Although it is necessary for the Government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the Indictment, it is not necessary for the Government to prove that the offenses were committed precisely on the dates charged in the Indictment.

---

1A Federal Jury Practice and Instructions § 13.05 (5th ed. 2000).

**Instruction No. 12**
**Gross Income**

Federal income taxes are levied upon income of every kind and in whatever form paid, whether wages, personal expenses paid by an employer, commissions, monetary benefits, money earned for performing services, or profits earned from any business. The term "gross income" refers to all income from whatever source, unless it is specifically excluded by law. Gains or profits are included in gross income. This includes both lawful and unlawful gains.

You have heard evidence that the Defendant was owner and sole shareholder in First City Management, a corporation with a number of subsidiaries. You have also heard evidence that the Defendant obtained cash from companies affiliated with First City Management, and had companies affiliated with First City Management pay a number of personal expenses on his behalf, and on behalf of his family. If you find that the Defendant owned and controlled the First City Management group of companies and obtained cash, property or things of value from them, then you should proceed to determine whether the Defendant should have reported such items on his income tax returns.

_____

Adapted from 26 U.S.C. § 61; United States v. Randazzo, 80 F.3d 623 (1st Cir. 1996)

14

**Instruction No. 13**
**Loans**

A bona fide loan or advance is not taxable income because whatever temporary economic benefit is derived from the use of the funds is offset by a corresponding obligation to repay the funds.  However, merely stating that a transaction is a loan or advance is not sufficient to make it such. Where there is no good faith intent to repay the funds advanced, such funds are considered [taxable income to the person who received the funds.]  You may consider all of the evidence to determine whether a claimed loan or advance is in reality a bona fide loan.

**In the event the  diversions are not deemed illegal and the broad "No Earnings & Profit, No Income" rule articulated in the D'Agostino case is applied, the bracketed language should be as follows: " a corporate distribution, the tax consequences of which will be discussed in a later Instruction."**

_____

James v. United States, 366 U.S. 213, 219 (1960)**;** Webb v. IRS, 823 F. Supp. 29 (1st Cir. 1993) Crowley v. Commissioner, 962 F.2d 1077, 1079 (1st Cir. 1992);  Moore v. United States, 412 F.2d 974, 978 (5th Cir. 1969)

15

**Instruction No. 14**
**Cancellation of Debt**

In the case of a bona fide loan, a subsequent cancellation or write-off of any part of the loan by the lender creates income for the borrower.  Such a cancellation of debt generates taxable income to the borrower.

――――――――

26 U.S.C. § 61; 10 Marten's Law of Fed Income Taxation, Section 38B:44.

**Instruction No. 15**
**Corporate Diversions**

When determining whether the money obtained by the Defendant from his companies was income to him, you should consider whether the Defendant had dominion and control over the money, meaning that he took it as his own and treated it as his own, so that as a practical matter he derived economic value from the money he received. If you find this to be the case, then the money received by the Defendant would be income; if you do not find this to be the case, then the money obtained by the Defendant would not be income to the Defendant.

_____

United States v. Ruffia, 575 F.2d 346, 351 n.6 (2d Cir. 1978); United States v. Miller, 545 F.2d 1204, 1214 n.12, 1215 (9th Cir. 1976), cert. denied, 420 U.S. 930 (1977); United States v. Leonard, 524 F.2d 1076, 1082-1084 (2d Cir. 1975); Datsuns v. Commissioner Of Internal Revenue, 348 F.2d 122, 125-127 (2d Cir. 1965); United States v. Goldberg, 330 F.2d 30, 38 (3d Cir.), cert. denied, 377 U.S. 953 (1964); Hartman v. United States, 245 F.2d 349, 352-353 (8th Cir. 1957); Davis v. United States, 226 F.2d 331, 334-335 (6th Cir. 1955), cert. denied, 350 U.S. 965 (1956); Cf. United States v. Cruz, 698 F.2d 1148 (11th Cir. 1983).

**Instruction No. 16**
**Corporate Distribution, Return of Capital**

**[Instruction in the event the  diversions are not deemed illegal and the broad "No Earnings & Profit, No Income" rule articulated in the <u>D'Agostino</u> case is applied. ]**

In order for a corporate distribution to be taxable as income to the defendant, you must determine that the distribution was not a return of capital or a loan.  Capital is the money that a shareholder has invested into a corporation.  Distributions to shareholders are considered to be a return of capital until the shareholder has removed all of his capital from the corporation.  After that, distributions are considered taxable income to the recipient.  Therefore, if you find that the Defendant had removed all of the capital in his corporation before he took the distributions in question, those distributions would be taxable as income to the defendant.  However, if you determine that the defendant had capital in his corporation to equal or in excess of the amount of money that he removed from the corporation, his distributions would be considered a return of capital, and therefore, not taxable to the defendant.

_____

<u>United States v. D'Agostino</u>, 145 F.3d 69 (2d Cir. 1998).

18

**Instruction No. 17**
**Charts and Summaries – Not Admitted Into Evidence**

Charts or summaries have been prepared by the Government and were shown to you

during the trial for the purpose of explaining facts that are allegedly contained in books, records,

and other documents which are in evidence in the case.  Such charts or summaries are not

evidence in this trial or proof of any fact.  If you find that these charts or summaries do not

correctly reflect facts or figures shown by the evidence in the case, you should disregard the

charts or summaries.

In other words, such charts or summaries are used only as a matter of convenience for

you and to the extent that you find they are not, in truth, summaries of facts or figures shown by

the evidence in the case, you can disregard them entirely.

---

1A Federal Jury Practice and Instructions § 14.02 (5th ed. 2000).

**Instruction No. 18**
**Charts and Summaries – Admitted Into Evidence**

Charts or summaries have been prepared by the Government, have been admitted into

evidence and have been shown to you during the trial for the purpose of explaining facts that are

allegedly contained in books, records, or other documents which are also evidence in the case.

You may consider the charts and summaries as you would any other evidence admitted during

the trial and give them such weight or importance, if any, as you feel they deserve.

---

1A Federal Jury Practice and Instructions § 14.02 (5th ed. 2000).

20