UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                    )<br>)<br>ANTHONY VISONE                      )<br>     Defendant                                )<br>                                                    )<br>_____ ) | Criminal No. 04-10123 (DPW) |

**OMNIBUS RESPONSE OF THE UNITED STATES TO
DEFENDANT'S MOTION TO IN LIMINE
and
DEFENDANT'S OPPOSITION TO
GOVERNMENT'S INTENT TO
OFFER 404(b) EVIDENCE AT TRIAL**

*Introduction*

On April 24, 2004, the Defendant submitted a motion in limine (the "Motion in Limine") and its opposition (the "Opposition Motion") to the Government's proposed Federal Rule of Evidence (the "Rules") 404(b) evidence. Both Motions should be denied.

*Motion in Limine*

The United States, by and through its undersigned counsel, hereby requests that the Court deny Defendant's Motion in Limine as moot. Briefly, the Defendant asks the Court to issue an order barring any reference to "paternity" or use of the "findings and conclusions in the state paternity action." However, as the Defendant states in its Motion in Limine, the Court has

already ruled that "State Court judge's findings and conclusions and any reference to paternity will not go before the jury."

Because the Court has already made the ruling the Defendant seeks in its Motion in Limine, the motion is moot. Moreover, the Government has sought to abide by the Court's ruling in this matter by submitting proposed stipulations to the Defendant (attached hereto as Exhibit A) which describe only general details about the state paternity action against the Defendant.

## *Opposition Motion*

The Defendant states in its Opposition Motion that "the payroll tax allegations and evidence of other lawsuits e (sic) should be excluded under Rule 404(b) of the Federal Rules of Criminal Procedure (sic)." The Government opposes the Defendant's Opposition Motion.

### *Other Lawsuits*

As an introductory matter, the Government's trial brief discussed the evidence of other lawsuits it anticipates introducing in its case-in-chief, and the Government's proposed stipulations (attached as Exhibit A) limit any potential unfair prejudice to the Defendant. The Government stands on its previous submissions on this issue, save for one point of clarification: in its Opposition Motion, on page 5, first full paragraph, the Defendant states that "not a single lawsuit is cited by the Government in which the Defendant is named personally." However, the two lawsuits that the Government intends to introduce in its case-in-chief are lawsuits in which the Defendant is, in fact, named personally.

### *Payroll Tax Fraud*

The Government intends to offer evidence that the Defendant failed to pay payroll taxes while he owned and controlled FCM, in or around the years 1994-1996. To be clear, the

Government intends to introduce evidence that the Defendant decided to pay his employees a net wage (purportedly net of withholding), but retained the payroll taxes he was supposed to have paid to the IRS (See Supplemental Rule 404(b) letter attached as Exhibit B, and the letter's attached Memorandum of Interview, further attached as Exhibit C).  As a consequence, the Defendant filed false payroll tax forms to the IRS.

The payroll tax evidence clearly goes to the Defendant's willfulness and his intent to defraud the IRS, both central issues in the case.  Moreover, such evidence is "part and parcel" of how the Defendant operated his company and funded his myriad diversions.  See, e.g., United States v. Epstein, 426 F.3d 431 (1st Cir. 2005).  See also United States v. Daraio, 2006 U.S. App. LEXIS 8703 (3d Cir. 2006) (In cases involving violations of federal tax laws such as tax evasion, "[a] defendant's past taxpaying record is admissible to prove willfulness circumstantially."); United States v. Ringwalt, 213 F. Supp. 2d 499, 506 (E.D. Pa. 2002) (quoting United States v. Bok, 156 F.3d 157, 165 (2d Cir. 1998)), aff'd, 66 Fed. Appx. 446 (3d Cir. 2003); see also United States v. Johnson, 893 F.2d 451, 453 (1st Cir. 1990) (unindicted acts of tax fraud that occurred subsequent to the indicted acts admissible in tax evasion prosecution to show intent and absence of mistake); United States v. Upton, 799 F.2d 432, 433 (8th Cir. 1986) ("Evidence of [defendant's] questionable compliance with tax laws, both in the years prior to and subsequent to [the years of the charged conduct] is probative of willfulness in the present context."). The Government has no objection to a limiting instruction on the payroll tax evidence.

*Conclusion*

For the reasons set forth above, the United States requests that the Court deny Defendant's Motion in Limine and his Opposition Motion. The Government has no objections to appropriate limiting instructions.

Respectfully submitted,

DANA J. BOENTE
DEPUTY ASSISTANT ATTORNEY GENERAL


/s/ *Del Wright Jr.*
Del Wright Jr.
Susanne Sachsman
Trial Attorneys
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

  This is to certify that a copy of the foregoing was filed electronically with the Court, and notice of the filing, as well as copies, will be available to all parties once filed.

            /s/Del Wright Jr.
            Del Wright Jr.
            Trial Attorney
            U.S. Department of Justice